**STATE of Missouri, Respondent,**

v.

**John Allen COX, Appellant.**

**No. 51060.**

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Norman H. Anderson, Atty. Gen., Thomas E. Eichhorst, Asst. Atty. Gen., Jefferson City, for respondent.

No brief filed for appellant.

HYDE, Presiding Judge.

Motion to vacate judgment and sentence under Rule 27.26, overruled by the court and defendant has appealed. Defendant was tried on a charge of murder in the first degree but was convicted of second degree murder and sentenced to 20 years' imprisonment, which was affirmed on appeal. State v. Cox, Mo.Sup., 352 S.W.2d 665.

Defendant's motion raised two points: (1) Error in failure to call a panel of 47 jurors, citing Sec. 546.180, RSMo V.A.M.S.; (2) Error in trying and sentencing him under the Habitual Criminal Statute, Sec. 556.280, RSMo V.A.M.S.

█ As to the first, defendant relies on State v. Kinne, Mo.Sup., 372 S.W.2d 62. Sec. 546.180 does require a panel of 47 jurors in the City of St. Louis, where defendant was tried: "If the offense charged is punishable by death, or by imprisonment in the penitentiary not less than for life." However, in the Kinne case a panel of less than 47 jurors was called *"over the appellant's objection."* In this case, the

transcript on appeal from the judgment and sentence shows no objection to a panel of 40 jurors, which the court found was used. Failure to object was held to be a waiver of a right to a larger panel in State v. Nichols, Mo.Sup., 165 S.W.2d 674, 675, citing the earlier case of State v. Bell, 166 Mo. 106, 109, 65 S.W. 736, 737, which held: "[T]he matter of failing to provide a complete general panel before calling on a party defendant to make his challenges, is a matter of exception, pure and simple." Therefore, this is not a matter that can be raised on a Rule 27.26, V.A.M.R. motion. We also note there was no claim of error concerning the panel made in the motion for new trial in the original case or in the briefs on appeal. Defendant was represented by able counsel both at the trial and on appeal.

■ On his second point, defendant relies on State v. Gordon, Mo.Sup., 344 S.W.2d 69, which held the Habitual Criminal Statute was not applicable where the State for a former conviction relied on a case in the U. S. District Court which after a plea of guilty "adjudged that imposition of sentence upon defendant be and hereby is suspended and defendant placed on probation for a period of two (2) years in accordance with conditions filed herein." We pointed out that Sec. 556.280 "expressly provides that, as a condition for invoking the provision whereby the trial court shall determine the punishment, the defendant, as to the prior conviction, 'shall be sentenced,' and in subsection 2 it is specified that there must be a finding by the trial court that there has been a prior conviction, *sentence.*" On that record, we held "the defendant was not sentenced" in the federal case; and that "[a] 'suspended sentence' is not a 'sentence' within the meaning of that word as used in amended Section 556.280."

In this case the prior judgment stated: "Now on this day comes the Assistant Circuit Attorney for the State, and the defendant herein, appearing in person and by attorney in open Court; upon his plea of guilty to the offense of Assault With In-

tent to Kill, heretofore on March 4, 1954, entered, with sentence thereon deferred by the Court. * * * Whereupon, said defendant is now sentenced upon his said plea to serve Two (2) years in the Intermediate Reformatory of the State of Missouri. Thereupon, his application for a parole together wtih the Parole Officer's investigation report thereon heretofore filed, is heard and submitted; and the Court being satisfied that the defendant, now in custody, if permitted to go at large will not again violate the law, said JOHN ALLEN COX is hereby granted a parole."

Thus, it is clear that defendant was sentenced in the prior case and was thereafter granted a parole so that there was no suspended sentence as in State v. Gordon, supra. Therefore, the court properly tried and sentenced defendant under the Habitual Criminal Statute, which is specifically made applicable to "any person * * * sentenced and subsequently * * * paroled."

The judgment overruling the motion is affirmed.

All concur.