S.W. 637; State v. Warren, Mo., 321 S.W. 2d 705.

v.

**Joseph WARREN, Jr., Appellant.**

**Joseph WARREN, Jr., Petitioner,**

v.

**Edward E. HAYNES, Superintendent [of the Missouri Training Center for Men, at Moberly], Respondent.**

Nos. 51670, 51757, 52457.

Supreme Court of Missouri, Division No. 1.

Oct. 10, 1966.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, Richard K. Wilson, Sp. Asst. Atty. Gen., Springfield, for respondent.

HENLEY, Judge.

Defendant was found guilty of forcible rape (Section 559.260) [1] by a jury in the circuit court of the City of St. Louis and sentenced by the court under the habitual criminal act (Section 556.280) to imprisonment for forty-five years. The judgment was affirmed on appeal. See: State v. Warren, Mo., 366 S.W.2d 311. He was represented by counsel of his own choice at the trial and on appeal.

Thereafter the defendant, pro se, filed a motion in the trial court pursuant to Rule 27.26 [2] to vacate and set aside the above

1. References to statutes are to RSMo 1959 and V.A.M.S.

2. References to rules are to Rules of Criminal Procedure and V.A.M.R.

judgment and sentence. The motion was overruled without a hearing and defendant appealed, the appeal being docketed and assigned case number 51,670 in this court. Fifteen days after the above notice of appeal was filed in this court, defendant, by counsel, filed another motion in the trial court to vacate and set aside the same judgment and sentence. This motion was also overruled without a hearing and defendant appealed, the appeal being docketed and assigned case number 51,757 in this court. Case number 51,670 is treated as submitted and ordered consolidated with case number 51,757 for disposition of both appeals in one opinion.

While the above-numbered cases were pending on appeal, defendant, pro se, filed in this court on August 23, 1966, a motion for leave to file in forma pauperis a petition for writ of habeas corpus with his petition for the writ attached, the same being styled: Joseph Warren, Jr., petitioner, vs. Edward E. Haynes, Superintendent [of the Missouri Training Center for Men, at Moberly.] The motion and petition were assigned case number 52,457. Case number 51,757 having been previously assigned to Division One and set for argument for September 14, 1966, case number 52,457 was on September 12, assigned to the same Division and ordered consolidated with case number 51,757 for disposition.

■ We will dispose of case number 52,-457 first. Petitioner's (defendant's) motion for leave to file in forma pauperis his petition for writ of habeas corpus is sustained and the petition ordered filed. The petition alleges, in substance, that petitioner is unlawfully detained and deprived of his liberty, because: (1) the "statement of facts" in the brief of counsel for the state on the original appeal was erroneous and known by counsel to be false, thereby misleading this court; and (2) the evidence in that case was not sufficient to make a case for the jury. Obviously petitioner seeks to employ the writ as a means for a second appeal to review the sufficiency of the evidence. The writ may not be used for this purpose. Furthermore, petitioner inaccurately describes the state's brief and its effect.

The writ of habeas corpus is denied.

■ Defendant's motion in case number 51,670 alleges that the court erred: (1) In permitting a witness to testify that he recognized defendant at a police "show-up" as the same person he had previously seen at prosecutrix's residence, because this witness' identification of defendant at the "show-up" was after defendant had been detained more than twenty hours without a warrant; (2) In admitting in evidence a report of a medical examination of the prosecutrix; and, (3) In failing to call a panel of forty-seven veniremen. We will treat with the last allegation in our discussion of case number 51,757 where the same point is raised and briefed by defendant's counsel. The fact that defendant was "identified" at the police station after he had been held more than twenty hours without a warrant does not, of itself alone, require the exclusion of evidence of such identification. This court has held that not even a confession is rendered involuntary, and therefore required to be excluded, merely because the confession was made after defendant had been held more than twenty hours without a warrant. State v. Bridges, Mo., 349 S.W.2d 214, 218 [3]; State v. Goacher, Mo., 376 S.W.2d 97, 103 [7]. Furthermore, this allegation and the next pertaining to alleged errors in the admission of evidence are purported trial errors that should have been raised and preserved for review on the original appeal. They do not state grounds for relief under Rule 27.26. State v. Hagedorn, Mo., 305 S.W.2d 700, 702 [3]; State v. Schaffer, Mo., 383 S.W.2d 698, 699 [1].

■ In case number 51,757, defendant's counsel briefs one point: That defendant

was denied due process because the court failed to call a panel of forty-seven jurors so that he might have twenty peremptory challenges afforded him by Section 546.180.

Paragraph 2 (subparagraphs (1) (a) and (2) (a)) of Section 546.180 requires a panel of forty-seven jurors in the City of St. Louis, where defendant was tried, "If the offense charged is punishable with death, or by imprisonment in the penitentiary not less than for life * * *." Here, the offense is punishable with death or imprisonment in the penitentiary for not less than two years. Section 559.260. The transcript on appeal from the original judgment and sentence discloses that less than forty-seven jurors were called. Defendant relies on one case: State v. Kinne, Mo., 372 S.W.2d 62 [1], an original appeal from a conviction of first degree murder and a sentence of life imprisonment reversed and remanded for error in failing to call a panel of forty-seven jurors. In that case the state waived the death penalty and, *over defendant's objection,* the court called a panel of thiry-four jurors rather than forty-seven. In this case, we note that the transcript on appeal from the original judgment and sentence shows no objection to the calling of a panel of less than forty-seven jurors and that the motion for new trial does not assign such failure as error. We note parenthetically that defendant's brief on the original appeal did not raise this question.

The identical point under essentially the same facts was raised by a Rule 27.26 motion and ruled adversely to the defendant in State v. Cox, Mo., 392 S.W.2d 265, 266 [1]. The decision in that case controls the result in this.

The orders overruling defendant's motions in cases numbered 51,670 and 51,757 are affirmed.

All concur.