**Alan Daniel WILWORDING, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 53784.

Supreme Court of Missouri,
Division No. 2.

March 10, 1969.

Jerry L. Redfern, Neale, Newman, Bradshaw & Freeman, Springfield, for appellant.

John C. Danforth, Atty. Gen., Louis C. Defeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

Appellant was found guilty, as a second offender, for armed robbery by means of a dangerous and deadly weapon on June 25, 1964. His sentence was set by the court at twenty years imprisonment. The judgment and sentence was affirmed on appeal. State v. Wilwording, Mo., 394 S.W.2d 383. He seeks now to vacate the judgment under the post-conviction relief afforded by Supreme Court Rule 27.26, V.A.M.R.

■ Appellant says the information in his case did not follow the provisions of the Second Offender Act, § 556.280, RSMo 1959, V.A.M.S., in that it did not allege the proper name and place of imprisonment. He argues that the information alleged his prior confinement to have been in the Intermediate Reformatory, when in fact, as his proof now shows, he was confined in the State Penitentiary. The contention is without merit. § 556.280 requires only that the defendant be sentenced and subsequently "placed on probation, paroled, fined or imprisoned therefor," for it to apply. The place of imprisonment is inconsequential. See State v. Hacker, Mo., 214 S.W.2d 413, 415, holding that one who had been sentenced to the Intermediate Reformatory was a "person convicted of any offense punishable by imprisonment in the penitentiary." See also State v. Marshall, 326 Mo. 1141, 34 S.W.2d 29, which held the section applies to one convicted of an offense punishable in the penitentiary, although he was actually punished by imprisonment in the workhouse; and State v. Breeden, Mo., 180 S.W.2d 684, which held that one imprisoned in the Intermediate Reformatory, and then was transferred to the penitentiary from which he was discharged, came within the Act. Under present procedure, commitments and assignments to various prisons, farms, and to the Intermediate Reformatory, are handled under statutory authority by the Department of Corrections. §§ 216.010, 216.208, RSMo 1959, V.A.M.S.

■ Unconstitutionality of said § 556.-280 is next urged in that it deprives appellant of his right to due process and equal protection of the law because other persons who may have committed prior offenses have not been charged thereunder. It is said that "The State has a total discretion as to the exercise of this highly penal act." The constitutionality of the Second Offender Act has long been upheld. See State v. Maxwell, Mo., 411 S.W.2d 237, where it was said that such challenges should in the future be denied peremptorily. The constitutional issue was ruled on appellant's direct appeal (394 S.W.2d 389 [11, 12]). The fact that a prosecuting attorney has total discretion to charge under the Act is a legislative delegation of duty as a proper administrative function of that office. The contention is denied.

■ Appellant claims that error was committed in his trial because only 24 veniremen were called instead of 30, thus depriving him of 4 additional peremptory challenges to the panel. The state waived the extreme penalty of death in this case prior to voir dire examination. (394 S.W. 2d 387.) The point concerns only an alleged trial error which may not be urged under the present request for post-conviction relief under Rule 27.26, and will not be considered. State v. Cox, Mo., 392 S. W.2d 265, 266; State v. Donnell, Mo., 387 S.W.2d 508, 514 [10, 11]; and State v. Warren, Mo., 406 S.W.2d 605, 608.

■ The word "submission" used in said § 556.280 is said by appellant to be vague and indefinite. The term relates to when a hearing and finding on the issues of charged prior offenses shall be had, i., e., before "submission" of the cause to the jury. In State v. Wilwording, loc. cit. 394 S.W.2d 386, 387, it was argued that the case was *submitted* when the jury was sworn. But the court held: "The 'submission' of a case under § 556.280 means, as we now hold, that time when a case is turned over to the jury for its decision under the instructions of the court." There

is no merit in appellant's contention that the word is vague and indefinite. The former appeal settled it.

■ The matter of appellant being required, as he alleges, to appear in court before an array of jurors in rumpled, dirty work clothes not proper for appearance at trial was ruled in State v. Wilwording, supra, except as to the matter of whether the jury was present when appellant was so dressed. He says that this latter fact is established in this hearing. If there was any prejudice involved, that is trial error which may not be presented under Rule 27.26.

Appellant's counsel during trial and on appeal is claimed to have been ineffective in these respects: Counsel did not object when the jury panel saw appellant in improper clothing; counsel failed to file a timely notice of appeal; and counsel failed to appear and argue the appeal after his appointment to do so by the trial court.

■ In his findings, the trial court ruled that there was no evidence of any intention by anyone to prejudice appellant in the eyes of the jurors. The occurrence arose merely from a misunderstanding (that appellant was to appear in court for trial). That appellant's counsel did not object and ask that the jury panel be discharged does not show that he was ineffective. As the state suggests, the failure to object may have been a part of psychological trial strategy in that the failure of the sheriff to have appellant before the jury in improper attire would have caused the jury to have sympathy for him. Or it could have been that an objection would have called undue attention to appellant's physical condition.

■ The argument that appellant's counsel did not file a timely notice of appeal is moot. Appellant himself sought and was granted by this court a special order of appeal. Counsel withdrew after the trial and had nothing further to do with the case until he was appointed thereon. He then filed a brief and inquired of this

court whether he should appear to argue it. He was advised that the court liked to have an oral argument, but that it was optional with counsel. Counsel then chose not to argue the case, but to submit it upon briefs. Counsel is a very experienced lawyer, having tried over 300 criminal cases, as this record shows. At no place does it appear that he was in any way ineffective, and the trial court's findings and conclusions in this and other respects are not clearly erroneous. Crosswhite v. State, Mo., 426 S.W.2d 67, 70, 71.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

MORGAN, J., concurs.

FINCH, P. J., concurs in separate concurring opinion filed.

DONNELLY, J., concurs and concurs in concurring opinion of FINCH, P. J.

FINCH, Presiding Judge (concurring.)

I concur in the principal opinion but deem it necessary in so doing to discuss further the point raised by defendant that he did not have effective assistance of counsel on appeal.

As indicated in the principal opinion, counsel was appointed to represent defendant on appeal. He prepared and filed a brief on behalf of appellant in this court, as required by our rules, and that brief was considered by this court in writing its opinion on the direct appeal. State v. Wilwording, Mo., 394 S.W.2d 383. Counsel did not orally argue the case after he made inquiry as to whether he was required to

do so and was advised by this court that this was optional.

The sole point raised in this connection is that counsel did not orally argue the case. No complaint of any kind is made about the written brief or its adequacy, and no complaint is made that it did not fully and adequately present the points asserted by defendant on appeal. Defendant's contention is based solely on the proposition that under decisions of the United States Supreme Court, particularly in Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L. Ed.2d 811, counsel for indigent defendants are required to orally argue the case on appeal, and that lack of such argument would constitute a denial to an indigent defendant of a federally guaranteed constitutional right in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States.

 I do not construe the opinion in Douglas to so hold. There is a reference in the opinion to oral argument, but I do not interpret the opinion as saying that oral argument is an absolute prerequisite to fulfillment of such defendant's constitutional rights. In my judgment, it should not be so construed. Under our rules, no matter may be argued orally which is not covered by the written brief. Hence, no additional questions could be presented which are not already briefed. We do not require oral arguments, but we do require written briefs. The right to argue orally is given and many cases are orally argued. On the other hand, many cases, both civil and criminal, are submitted on briefs. Counsel for the defendant testified at the hearing on his motion under Rule 27.26 that customarily he argued orally on appeal in only about fifty per cent of his cases. In those cases where the defendant-appellant does not argue, the Attorney General does not argue.

In view of the fact that I do not consider that Douglas requires oral argument, I am of the opinion that there is no merit to defendant's contention that he did not have effective assistance of counsel on his appeal. Even if he were entitled to relief on this ground, it could not have been given by the trial court. Such relief would be obtainable only by motion in this court to vacate our judgment affirming the conviction and to redocket the case for argument. State v. Schaffer, Mo., 383 S.W.2d 698.