**Michael PHILLIPS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54953.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Application to Transfer Denied Sept. 12, 1989.

Christophe E. McGraugh, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

Appellant Michael Phillips appeals the denial of his Rule 27.26 motion to vacate judgment and sentence. We affirm.

Appellant was convicted of murder in the first degree (felony murder), § 565.003 RSMo 1978 (repealed effective 10–1–84), and was sentenced to a term of life imprisonment. Appellant's conviction and sentence were affirmed by this Court on direct appeal. *State v. Phillips*, 718 S.W.2d 538 (Mo.App.1986).

On January 5, 1988, appellant filed a Rule 27.26 motion in which he contended he was denied effective assistance of counsel because his defense counsel failed to challenge a venire person for cause, failed to object to the prosecutor's remarks about reasonable doubt during closing argument and failed to raise on appeal a challenge to the racial composition of the jury under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The motion court issued findings of fact and conclusions of law denying appellant's motion without an evidentiary hearing. The motion court noted that, first, the alleged voir dire error, if error, would only have deprived the defendant of one peremptory challenge and as such was "at most an alleged trial error" and not a basis for post-conviction relief. Second, the motion court found the prosecutor's comments to be within acceptable limits and failure to object to these comments did not amount to ineffective assistance. Third, the court rejected the contention that the failure to raise the *Batson* issue on direct appeal was an appropriate claim under Rule 27.26. This appeal follows.

We note that appellate review of post-conviction relief sought in a motion to vacate is limited to the determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j) (Repealed January 1, 1988). This court will find the findings of the motion court to be clearly erroneous only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.

App.1986). The motion court is bound to hold an evidentiary hearing unless the record indicates that movant is not entitled to relief. Rule 27.26(e).

To prevail on an ineffective assistance of counsel claim, the defendant must show that his counsel's representation fell below an objective standard of reasonableness, that as a result of his counsel's errors, his defense was thereby prejudiced and that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *State v. Harvey*, 692 S.W.2d 290, 292 (Mo. banc 1985).

■ Appellant's first alleged instance of ineffective assistance is that counsel failed to strike venireperson Lee who expressed some initial uncertainty about her ability to remain impartial if the defendant did not testify in his own behalf. Appellant's counsel later used a peremptory challenge to excuse this juror. Appellant claims that this was reversible error because he was denied a peremptory challenge. As the motion court correctly asserted, the loss of a peremptory challenge is only trial error, *see Wilwording v. State*, 438 S.W.2d 447, 449 (Mo.1969), and as such is not a basis for appeal under Rule 27.26. *Johnson v. State*, 615 S.W.2d 502, 506 (Mo.App.1981). Appellant's first point is denied.

■ In his second point, appellant claims his defense counsel was ineffective for failing to object to prosecution comments about reasonable doubt during closing arguments. Both the prosecutor and defense attorney are "precluded from attempting to define that term in any manner other than that it is defined in MAI–CR2d 2.20." *State v. Shelby*, 634 S.W.2d 481, 484 (Mo. 1982). The record shows that the prosecution referred the jury to the appropriate jury instruction and used the same words to describe this concept as are used in the instruction itself. The trial court's finding that defense counsel's failure to object did not constitute ineffective assistance of counsel is therefore not clearly erroneous. Appellant's second point is denied.

In his third point, appellant claims that defense counsel was ineffective in failing to object to the prosecutor's use of peremptory challenges to exclude minorities from the jury. The 27.26 motion only raised the claim that counsel failed to argue the *Batson* issue on appeal, however; it did not challenge counsel's failure to object at trial. This court's review is limited to those issues presented to and decided by the trial court. *BCI Corp. v. Charlebois Const. Co.,* 673 S.W.2d 774, 782 (Mo. banc 1984). Because the error identified in point three was not raised in the motion, it is not properly before this court.[1]

Although the 27.26 motion included and the motion court ruled upon the claim that defense counsel had failed to brief the *Batson* issue upon direct appeal, appellant has not briefed this point to this court and thus he abandoned the issue. *In re Marriage of Harrison,* 734 S.W.2d 934, 937 (Mo.App.S.D.1987). In any case, the motion court correctly concluded that 27.26 motions are designed to correct errors that occur at trial, not at appeal, and rulings "from defects in proceedings before appellate courts are beyond the scope of a 27.26 motion." *Hemphill v. State,* 566 S.W.2d 200, 208 (Mo. banc 1978).

Appellant's third point raises no instance of reversible error.

We affirm the judgment of the motion court.

SIMON and HAMILTON, JJ., concur.

---

**1.** Even though we can not rule upon this issue, we note that appellant's claim is contradicted by the transcript in which counsel objected to the composition of the jury and formally moved to strike the panel.