James Winston **HARRIS**, Movant-Appellant,

v.

**STATE of Missouri,** Respondent.

No. 53778.

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Samuel I. Kohn, St. Louis, for appellant. John C. Danforth, Atty. Gen. Christopher S. Bond, Asst. Atty. Gen., Jefferson City, for respondent.

SEILER, Presiding Judge.

Defendant was convicted of second degree murder and sentenced to 20 years' imprisonment. His conviction was affirmed in State v. Harris (Mo.Sup.) 413 S.W.2d 244. He thereafter filed a pro se motion to vacate under Rule 27.26, V.A. M.R.

■ Defendant is an indigent and counsel was appointed in the trial court to handle the 27.26 motion. After a pre-trial conference, counsel amended the motion to add the ground that the prosecutor knowingly used perjured testimony by a state's witness. The court then overruled the motion without a hearing on the ground the motion, files and records conclusively show the defendant is entitled to no relief. However, the allegation of knowing use of perjured testimony by the prosecutor raises an issue of fact as to a constitutional issue and there accordingly must be an evidentiary hearing, Rule 27.26(e), which the trial court failed to grant and the cause must therefore be remanded.

■ In his brief here, defendant's counsel also claims violation of constitutional rights by alleged failure of the prosecutor to disclose to defendant that the pistol was in a worn and defective condition, by reason of which it was much more subject to accidental discharge by a blow than normally would have been the case. The contention is that the police knew about this but failed to inform defendant's counsel, who thereby knew nothing of it until one of the jurors mentioned it to him after the trial. The juror had noticed the condition when he was examining the gun in the jury room. The matter is not properly before us, however, as it was not included in the 27.26 motion or presented to the trial court. If defendant desires to make a point of the matter, counsel should amend the motion accordingly, because Rule 27.26(c) requires the motion to include every ground known to the prisoner and Rule 27.26(d) forbids successive motions when the ground could have been raised in a prior motion.

The cause is remanded for an evidentiary hearing on all fact issues raised in the motion, or amended motion if one is filed, and for findings of fact and conclusions of law on all issues presented, as required by Rule 27.26(i).

Reversed and remanded.

STORCKMAN, J., and HENLEY, Alternate Judge, concur.

HOLMAN, J., not sitting when cause was submitted.