**Kenneth Ray MULLIN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56356.**

Supreme Court of Missouri,
Division No. 1.

Dec. 13, 1971.

Robert Hoelscher, Warrenton, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Presiding Judge.

Movant (hereinafter referred to as defendant) has appealed from an order dismissing his motion to vacate filed pursuant to Rule 27.26, V.A.M.R. We affirm.

Defendant was convicted of the offenses of burglary and stealing and the jury fixed his punishment at imprisonment for a term of five years on each offense. The court sentenced the defendant in accordance with the verdict of the jury and ordered that the sentences run consecutively. The sole question presented on this appeal is the power of the trial court to determine whether the sentences should be served concurrently or consecutively.

Defendant contends that the power to determine whether his terms should be served concurrently or consecutively was vested in the jury and that the court had no right to take that power "upon itself." We are of the opinion that there is no merit in that contention.

It should be noted that § 546.480 [1] provides as follows: "When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction." The effect of that section was to always require that the sentences be served consecutively where a person was convicted of burglary and stealing in a joint prosecution of those offenses. No doubt to avoid that result the legislature, in 1957, amended § 560.110 relating to prosecutions for burglary and stealing by adding the following: "2. Notwithstanding the provisions of section 546.480, RSMo, the court shall state in pronouncing sentence whether the additional term of imprisonment provided herein is to run consecutively or concurrently. In the event that the court fails to determine at the time of pronouncing sentence how the terms of imprisonment shall run in relation to each other, the terms of imprisonment shall run concurrently." It is therefore obvious that the court in this case was performing the specific mandate of the foregoing statute when it determined that the additional term imposed for the offense of stealing should be served consecutively with the term for the burglary.

The question here presented arose in somewhat different fashion in the case of State v. Archer, Mo.Sup., 406 S.W.2d 563. In that case the jury convicted the defendant of burglary and stealing, assessed the punishment at two years for each offense, and then recommended that the two sentences run concurrently. The court disregarded that recommendation and sentenced the defendant to consecutive terms. On appeal we said: "When a person is prosecuted and convicted for both burglary and stealing, he shall be punished for the stealing in addition to the punishment for burglary; and the jury, although possessed of alternatives or discretion 'as to the kind or extent of punishment to be inflicted,' Criminal Rule 27.02, V.A.M.R., is not authorized to specify whether such punishments shall run consecutively or concurrently, that function being specifically a duty of the court. Section 560.110, supra. Thus, that portion of this verdict which would recommend concurrent sentences is just that, i. e., a recommendation; it is purely advisory, and is not binding upon the court." 406 S.W.2d 566.

The conclusion we have heretofore indicated is in accord with the general rule that courts have the power to impose cumulative terms of imprisonment both with or without statutory authorization. 24B C.J.S. Criminal Law § 1994, p. 627.

In support of his contention defendant has cited State v. Wright, Mo.App., 409 S.W.2d 797, and 24 C.J.S. Criminal Law § 1570, p. 445, but we have concluded that neither of those authorities are applicable to the situation before us.

The judgment is affirmed.

All concur.

---

[1]. Statutory references are to RSMo, 1969, V.A.M.S.