Raymond H. PHILLIPS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57393.

Supreme Court of Missouri, Division No. 2.

Nov. 13, 1972.

White & Dickey, Sam Dickey, Springfield, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Raymond H. Phillips, was convicted of burglary, second degree, by a jury in the Circuit Court of Greene County, Missouri, and was sentenced under the Habitual Criminal Act to imprisonment for a term of ten years. On appeal to this Court, the judgment of conviction was affirmed. (State v. Phillips, Mo.Sup., 452 S.W.2d 187.)

Appellant thereafter filed a motion to vacate under Rule 27.26, V.A.M.R., seeking relief on the basis of the following grounds:

"(a) Movant's sentence of 10 years imprisonment was imposed in viola-tion of the Equal Protection Clause of the Fourteenth Amendment.

"(b) Movant's sentence of 10 years imprisonment was imposed in violation of the prohibition against Cruel and Unusual Punishment contained in the Eighth Amendment.

"(c) Movant's sentence of 10 years imprisonment is based upon constitutionally impermissible factors in violation of the Due Process Clause of the Fourteenth Amendment."

The evidence adduced at the evidentiary hearing shows that the burglary was committed on June 21, 1968; that one Montgomery and one Marler were also participants; that Montgomery was sentenced to four years after a guilty plea; that Marler was sentenced to four years after conviction by a jury; and that the assistant prosecuting attorney made statements to the Court at the time of sentencing, as to prior records of appellant, which were inaccurate in part.

The trial court made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT

"In support of his Motion to Vacate, Movant states that misleading and prejudicial statements were made by the Assistant Prosecuting Attorney at the time of the sentencing. The Court finds that the Assistant Prosecuting Attorney did make some statements that were not entirely accurate, but further finds that such statements did not mislead the Court or prejudice the Court. The Court was not misled to believe that there were two convictions for burglary and larceny in 1963 by the prosecutor's statements. And, finally, even though the prosecutor spoke of a burglary conviction in 1968, when the correct date was 1966, the Court was not misled. It should be understood that the Court had heard the evidence under the second offender charge and the Court had knowledge that the prosecuting attorney had a

slip of the tongue when he said 1968. The evidence at the trial disclosed that Movant was convicted of burglary and sentenced to three years in December of 1966, and that the Movant was released from custody on May 2, 1968, and, further, that the offense for which he was tried, which gives rise to this 27.26, occurred June 20, 1968. The Movant was tried on February 3, 1969, and the Court was under no misapprehension that the Movant was involved in any alleged burglary in December of 1968.

"The Court further finds that the prior records of Movant, of Montgomery and of Marler are quite different, and that the difference is such as precludes the suggestion that the Court acted arbitrarily or without due regard to Movant's right to equal protection under the law."

## "CONCLUSIONS OF LAW

 "Movant's sentence was not imposed in violation of the Equal Protection Clause of the Fourteenth Amendment (8a). The fact that codefendants receive different sentences does not violate such clause (State v. McCaine, Mo., 460 S.W.2d 618 1. c. 621). Neither of the other two defendants had a *conviction* for burglary. The records of the other codefendants disclose that their record had been clean for a period of some ten years. Movant had had two prior convictions for burglary all within a span of approximately *five years*. Movant had been out of prison less than two months when he committed his third offense of burglary. It was clear to the Court that his prior sentences of three years each, had not served to rehabilitate him to any degree.

"Movant's sentence was not imposed in violation of the prohibition against cruel and unusual punishment (8b). The Statutes of this State provide for a sentence of ten years. The fact that this may be severe does not mean that it is cruel. It is not excessive, as it is within statutory limits. See State v. McCain, supra.

"Movant's sentence of ten years was not based upon constitutionally impermissible factors (8c). The record discloses that Movant's attorney recommended to Movant that a pre-sentence investigation be ordered, but Movant did not want such an investigation. We have already set forth the fact that the Assistant Prosecuting Attorney made some misstatements, but the Court was not misled by such statements. Therefore, the Movant was not prejudiced by such comments.

"Motion to Vacate is denied."

The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, V.A.M.S., we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution. We hold that the findings and conclusions of the trial court are not erroneous. The judgment is affirmed.

All of the Judges concur.