Michael Ray JEWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 27017.

Missouri Court of Appeals, Kansas City District.

Nov. 4, 1974.

Sheridan, Sanders, Carr, White & Mason, Donald L. Mason, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is an appeal by Michael Ray Jewell from a denial without evidentiary hearing of his Rule 27.26, V.A.M.R., motion to vacate a judgment of conviction and sentence of twenty-five years entered responsive to a jury verdict finding him guilty of murder in the second degree. Jewell's conviction was previously affirmed on direct appeal in State v. Jewell, 473 S.W.2d 734 (Mo.1971), wherein the court noted, "[t]he trial posture of this case was delineated by verdict-directing instructions on murder, first degree, felony-murder, first degree, murder, second degree, manslaughter, innocence, and by a converse instruction on defendant's theory of the case under which defendant could not be found guilty of any crime unless the jury first found that he participated in burglary of the rooms occupied by the murder victim."

By his Rule 27.26 motion, and by his appeal from the order of the trial court overruling same, Jewell collaterally attacks the judgment of conviction on the ground that the trial court erred in failing to instruct the jury on "felony murder, second degree", even though he made no request for such an instruction, in view of the positive mandate of Section 546.070(4), RSMo 1969, V.A.M.S., that ". . . the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict . . .". More accurately and precisely stated, the gravamen of Jewell's contention is that the trial court erred in not instructing the jury on felony-murder, second degree, under the common law felony-murder rule. No such contention was ever made or raised by Jewell on his direct appeal.

The trial judge who overruled Jewell's Rule 27.26 motion, without an evidentiary hearing, also presided at the jury trial which resulted in Jewell's conviction of murder in the second degree. Capsulated, the judgment entered by the trial court overruling Jewell's 27.26 motion can fairly be described as tantamount to a finding of fact and conclusion of law that Jewell's motion and all other files and records in the case conclusively demonstrated, as a matter of law, that at the trial on the merits Jewell was not entitled to an instruction on felony-murder, second degree, under the common law felony-murder rule, because the record in its entirety failed to disclose that the homicide occurred during the commission of a felony other than one specifically enumerated in Section 559.010, RSMo 1969 (murder in the first degree). Rule 27.26(e), (i).

It is well settled that claimed errors relative to instructions are generally

considered "mere trial errors" and are not proper grounds for collaterally attacking convictions and sentences by Rule 27.26 motions, State v. Smith, 411 S.W.2d 208 (Mo.1967), unless they rendered the trial unfair and thereby rose "to the dignity of a denial of due process", Thomas v. State, 485 S.W.2d 413 (Mo.1972).

■ It is unnecessary to rule presently whether failure to instruct on felony-murder, second degree, under the common law felony-murder rule constituted "mere trial error" or rose "to the dignity of a denial of due process" for a very basic and fundamental reason. Substantial evidence was introduced by the state at the trial on the merits from which a jury could have reasonably found that the homicide for which Jewell stood convicted occurred during the companion commission of a burglary [State v. Jewell, supra, 473 S.W.2d 1. c. 739], one of the five specifically enumerated felonies in Section 559.010, supra. Jewell's Rule 27.26 motion is silent regarding any facts showing that the homicide was committed during the companion commission of a felony other than burglary, and, more specifically, during the companion commission of a felony not specifically enumerated in Section 559.010, supra. An examination of all other "files and records" in the case, including the transcript on appeal in State v. Jewell, supra, fails to disclose any evidence that the homicide was committed during the companion commission of a felony other than burglary, and, more specifically, during the companion commission of a felony not specifically enumerated in Section 559.010, supra. Jewell, consequently, was not entitled to an instruction on felony-murder, second degree, under the common law felony-murder rule, if for no other reason, because the record in its entirety failed to disclose that the homicide was committed during the commission of a felony not specifically enumerated in Section 559.010, supra. State v. Bradley, 361 Mo. 267, 234 S.W.2d 556 (1950), and State v. Ford, 495 S.W.2d 408 (Mo. banc 1973).

The "findings, conclusions and judgment of the trial court" were not clearly erroneous, and, accordingly, the judgment is affirmed.

All concur.