Ronald McCRARY, Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 36400.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Sept. 23, 1975.

Motion for Rehearing or Transfer
Denied Oct. 22, 1975.

Charles D. Kitchin, Public Defender, and Kent Fanning, Asst. Public Defender, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., and Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SIMEONE, Presiding Judge.

## I

This is an appeal from an order of the circuit court of the City of St. Louis entered July 19, 1974, denying movant-appellant, Ronald McCrary's motion to vacate sentence pursuant to Rule 27.26 imposed after appellant was found guilty of the offense of illegal possession of heroin. For reasons hereinafter stated we affirm the order.

On September 23, 1969, Mr. McCrary was charged with the offense of possessing a certain quantity of heroin. § 195.020, RSMo 1969.[1] The information alleged prior convictions and that on August 18, 1969, the defendant did "then and there unlawfully and feloniously have in his possession and under his control a certain quantity of a narcotic drug, to wit: 14.71 grams of HEROIN . . .." He was arraigned and pleaded not guilty. On June 4, 1970, movant filed a motion to suppress the evidence on the ground that "there existed no proba-

---

1. The offense occurred prior to the adoption of the controlled substances act in 1971. §§ 195.010–195.320, RSMo Supp. 1971.

ble cause for the arrest and the giving of defendant a ticket was an attempt to render validity to an otherwise unlawful arrest."

McCrary waived a jury trial and was tried to the court on June 4, 1970. The motion to suppress was taken with the cause.

At the trial, Patrolman Burleigh Howell of the St. Louis Metropolitan Police Department testified that at about 10:45 p. m. McCrary was operating a motor vehicle without taillights, and the officer stopped him. Officer Gus Kolilis was with Officer Howell. "When he [McCrary] got the automobile to the curb, he got out of the automobile on the left-hand, driver side, he had a piece of paper in his hand and he came back to us and said, here is my license. I [Howell] informed him he was under arrest for no taillights and was starting to write some information down where we were standing there and he started to put his hand in his right rear pocket, at which time I grabbed his arm, put handcuffs on him and I found in his right rear pocket two condums [sic] or prophylactics full of some material and I asked him what it was and he said it was dirt and I said, dirt, and he said, okay, it's heroin. . . ." McCrary was then placed under arrest for possession of heroin. No objection was made to the officer's statement.

On cross-examination, it was brought out by retained defense counsel that at the time the officer stopped McCrary "for the taillight" he did not know of any other crime the defendant had committed. The officer testified that the defendant was stopped "to give him a ticket for no taillights" and that he handcuffed the defendant when "he put his hand into his [rear] pocket." Defense counsel referred to the statement made by McCrary as the basis for placing him under arrest for heroin.

The only other witness at the original trial was Miss Merilyn Ruemmler, a criminalist with the St. Louis Police Department. She analyzed and identified the two vials taken from the defendant as containing heroin.

The trial court found the defendant guilty of possession. After overruling a motion for new trial, granting allocution and finding prior convictions, the court, on September 18, 1970, sentenced the defendant to ten years in the department of corrections.

McCrary appealed the conviction to the Supreme Court. On appeal, his only contention was that the search was unlawful. He did not appeal on any other ground. He did not raise the issue of the inculpatory statement as being in violation of his *Miranda* rights. On appeal, the Supreme Court held that the arrest was lawful and that there was probable cause for the search and seizure incident to the arrest, and affirmed the judgment. *State v. McCrary,* 478 S.W.2d 349 (Mo.1972).

Then on January 30, 1973, McCrary filed this motion to vacate. He alleged some eleven grounds only two of which are preserved and which are in issue on this appeal from the denial of the motion to vacate. In his motion he contends that (1) the search and seizure was unlawful and (2) a "failure to advise movant of his constitutional right's [sic] prior to interrogating him and obtaining an alleged confession . . . was a violation on the security of movant right's [sic] under the 5th–6th amendments and made applicable to the states . . ." Counsel was appointed. In due time the state moved to dismiss the motion for the reason that movant has failed to state any ground for which the court "can grant him any relief . . . ."

On July 19, 1974, at a hearing on the motion to dismiss, the trial court stated: "The State's Motion to Dismiss the Motion to Vacate as to Specifications 1 through 9 [which included the two points above] will be granted on the grounds those points either were raised on direct appeal *or should have been.* . . ." (emphasis added). On the same date, the trial court entered its order sustaining the state's mo-

tion to dismiss and denying the motion to vacate. McCrary appeals that order.

## II

On this appeal, he contends that the motion to vacate should have been granted and the sentence vacated because (1) the "search conducted . . . upon his arrest for a traffic violation was outside the scope of those [searches] permissible under the Fourth and Fifth Amendments to the Constitution of the United States made applicable to the States through the Fourteenth Amendment . . . ." and (2) "the failure to advise the movant of his rights under the Constitution of the United States made the subsequent use of a confession obtained under such circumstances a violation of movant's rights under the Fifth and Sixth Amendments to the Constitution of the United States made applicable to the States . . . ." [2]

McCrary argues that the search and seizure was illegal because it was incident to his arrest for a traffic violation. He further alleges that the "confession" was obtained in violation of the principles set forth in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and contends that his statement, "okay, it's heroin," was used in the trial although no *Miranda* warnings were given prior to making the statement. He further contends there was no waiver of his rights.

The state, on the other hand, contends that the trial court properly denied the motion to vacate because (1) movant is foreclosed from raising the issue of search and seizure on this 27.26 motion since the issue was raised on direct appeal and decided adversely; (2) McCrary did not preserve the *Miranda* issue by filing a motion to suppress the inculpatory statement or by objecting to it at trial or by raising the issue by motion for new trial or on direct appeal; (3)

the statement, "okay, it's heroin," was not rendered inadmissible under *Miranda* since the statement was not the product of "custodial interrogation" and (4) the statement could not in any event have been prejudicial since the nature of the substance found on movant's person was properly established by the testimony of the criminalist (chemist), Miss Ruemmler.

We hold (1) that the claim of illegal search and seizure is not cognizable in this 27.26 proceeding; (2) that the admission of the inculpatory statement under the circumstances was not erroneous because *Miranda* is inapplicable to this situation; no warnings were required to be given; (3) that by not raising the *Miranda* issue at trial or on direct appeal, movant is foreclosed from raising this issue on his 27.26 motion and (4) that the admission of the statement, even if error, was not, under the circumstances, prejudicial.

 A motion filed under Rule 27.26 is an independent civil action, which is governed, so far as applicable, by the Rules of Civil Procedure. Rule 27.26(a). The burden is on the movant to establish relief by a preponderance of the evidence. *Brown v. State,* 495 S.W.2d 690, 693 (Mo.App.1973). In a 27.26 review we are limited to a determination of whether the order of the trial court is clearly erroneous. Rule 27.26(j); *Lahmann v. State,* 509 S.W.2d 791, 794 (Mo. App.1974).

## III

 As to appellant's point concerning an illegal search and seizure, the trial court was clearly correct in denying the motion to vacate. It has long been the law as expounded by our Supreme Court that a claim of illegal search is not cognizable in 27.26 proceedings. *Beach v. State,* 488 S.W.2d 652, 655 (Mo.1972); *Brodkowicz v. State,*

---

**2.** He also makes a third point—general in nature—that the sentence should be vacated because the court did not take cognizance of his constitutional rights. This is vague. See *State v. Price,* 422 S.W.2d 286 (Mo.

1967). It may be implied from this point that he is contending that he should have been given a full evidentiary hearing. But none was required. See *Lewis v. State,* 513 S.W.2d 772, 775 (Mo.App.1974).

474 S.W.2d 822, 827 (Mo.1972); *Fields v. State,* 468 S.W.2d 31, 32 (Mo.1971)[3]; *State v. Caffey,* 457 S.W.2d 657, 659 (Mo.1970); *Lewis v. State,* 513 S.W.2d 772, 774 (Mo. App.1974).

■ Movant's claim must be denied on another ground. Under Rule 27.26(b)(3) a " 'proceeding under this Rule cannot be used . . . as a substitute for a second appeal.' We have consistently ruled that provision to mean that where an issue is raised and decided on direct appeal, defendant cannot obtain another review thereof in a 27.26 proceeding." *Sweazea v. State,* 515 S.W.2d 499, 501 (Mo.banc 1974). " 'If issues, apparently finally decided, may be reopened and reviewed simply because a litigant has an additional citation to offer or a different theory to suggest there would never be an end to litigation. . . .' " *Sweazea v. State,* supra, 515 S.W.2d at 501, quoting from *Gailes v. State,* 454 S.W.2d 561, 564 (Mo.1970); see also *Caffey v. State,* 467 S.W.2d 857, 859 (Mo.1971).

■ The claim of illegal search and seizure was raised on direct appeal and decided adversely to the movant. *State v. McCrary,* supra. Therefore, since (1) the validity of the search is not cognizable on a 27.26 motion and (2) the same claim of an illegal search and seizure was raised and disposed of on the direct appeal, this contention must be ruled against appellant.

### IV

As to appellant's claim that he was not afforded the *Miranda* rights prior to making the inculpatory statement, "okay, it's heroin," we hold that, under the circumstances of this case, there was a deliberate bypass of an orderly state procedure so that this issue is foreclosed on this 27.26 motion.

Whether a particular point raised in a post conviction 27.26 motion may be entertained despite the fact that the precise issue might have been raised on a direct appeal has not been fully articulated in this state. Prior to the adoption of present Rule 27.26, in 1967, it was often repeated that the motion to vacate and set aside a judgment and sentence may not be used in lieu of an appeal to review errors committed in the course of a trial *even though such errors relate to constitutional rights.* *State v. Thompson,* 324 S.W.2d 133, 135–136 (Mo. banc 1959); *State v. Hooper,* 399 S.W.2d 115, 117 (Mo.1966); *State v. Wiggins,* 360 S.W.2d 716, 718 (Mo.1962) (emphasis added).

Present Rule 27.26(b)(3) now provides that "mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal." *State v. Brownridge,* 506 S.W.2d 466, 468 (Mo.App.1974).[4]

■ It is clear that a 27.26 motion cannot be used as a substitute for a direct or second appeal and that mere trial errors or a challenge to the sufficiency of the evidence cannot be raised on a 27.26 motion. *Coney v. State,* 491 S.W.2d 501, 506 (Mo. 1973); *O'Neal v. State,* 486 S.W.2d 206, 208 (Mo.1972).[5]

3. In *Fields,* supra, appellant contended that *Kaufman v. United States,* 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969), permits the raising of an illegal search and seizure on a post conviction motion. But Missouri holds that *Henry v. State of Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965), controls. In the *Henry* case, it was held that a litigant's procedural defaults in state proceedings do not prevent vindication of federal rights unless the procedural rule serves a legitimate state interest. *Fields,* therefore held that a state interest was served and precluded movant from raising the search and seizure claim on 27.26.

4. This provision was not in the earlier rule. It is to be noted that the Rule is framed in terms that "constitutional rights" "*may*" be raised even though the error could have been raised on appeal. The trend in many states is to hold that any matter which could have been raised on appeal cannot be raised on a post conviction motion, except in rare and exceptional instances. See fn. 7.

5. See *Houser v. United States,* 508 F.2d 509 (8th Cir. 1974), for a listing of matters that

And it is now settled by numerous decisions in both the federal and state systems that where there is a deliberate bypass, whether for strategic, tactical or other reasons, of orderly state procedure, a movant is precluded from raising a constitutional issue on a post conviction motion. The rule has had a long history in the federal system.[6]

The principles applicable to habeas are also applicable to the federal post conviction procedure under 28 U.S.C.A., § 2255. In *Kaufman v. United States,* supra, the Supreme Court in holding that a federal prisoner may raise a claim of unlawful search and seizure on a federal post conviction motion, nevertheless recognized that "[t]he § 2255 court may in a proper case deny relief to a federal prisoner who has deliberately bypassed the orderly procedures provided at or before trial and by way of appeal . . . ." 394 U.S. at 227, fn. 8, 89 S.Ct. at 1075.

Innumerable federal decisions have held that a § 2255 court may deny relief where there is found, and sometimes presumed, to be a deliberate bypass. *Grieco v. United States,* 435 F.2d 677 (7th Cir. 1970)—movant did not question the voluntariness of statements or move to suppress where federal agents did not advise of rights; *Torriente v. United States,* 379 F.Supp. 70, 72 (S.D.N.Y.1974)—*Miranda; United States v. Haywood,* 150 U.S.App.D.C. 247, 464 F.2d 756, 761 (1972); *Pope v. Swenson,* 395 F.2d 321, 324 (8th Cir. 1968); *Curry v. Wilson,* 405 F.2d 110, 112–113 (9th Cir. 1968)—failure to object to statements; *Mathis v. Colorado,* 425 F.2d 1165, 1166 (10th Cir. 1970); see cases collected in 10 A.L.R.Fed. 724 (1972); and in Note, supra, 31 La.L.Rev. 601; White, supra, 58 Va.L.Rev. 67.

In the various states, the courts have held under their particular post conviction statutes or rules that an issue which could have been raised on direct appeal, even though it is a constitutional claim, may not be raised in a post conviction motion, except where fundamental fairness requires otherwise and only in rare and exceptional circumstances. It is the trend in the state courts to reject an issue in a post conviction mo-

---

may and may not be raised on a § 2255 post conviction motion, and appendix following this opinion for matters which may and may not be raised under Rule 27.26.

6. In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Court, reviewing a petition for habeas corpus from a state prisoner who alleged his murder conviction was based on an unconstitutionally obtained confession, held that the federal court had power to grant relief despite the failure to seek appellate review in the state system. However, the Court stated that a federal court had discretion to deny relief to an appellant who had "deliberately by-passed the orderly procedure of the state courts." 372 U.S. at 438, 83 S.Ct. at 849. The Court equated the term "deliberate by-pass" with the *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), concept of waiver: "An intentional relinquishment or abandonment of a known right or privilege." 372 U.S. at 439, 83 S.Ct. at 849. Later in *Henry v. State of Mississippi,* supra, the Court held, however, that "a litigant's procedural defaults in state proceedings do not prevent vindication of his federal rights unless the State's insistence on compliance with its procedural rule serves a legitimate state interest." 379 U.S. 443, 447–448, 85 S.Ct. 564, 567, 13 L.Ed.2d 408 (1965). The Court further clarified the *Noia* concept of waiver by stating that, even if an attorney did not consult with the client, the attorney's decision, if based on trial strategy, would generally bind the petitioner except where the circumstances are exceptional. "[T]he deliberate bypassing by counsel of the contemporaneous objection rule as a part of trial strategy would have that effect in this case." 379 U.S. at 451–452, 85 S.Ct. at 569.

For complete discussions of the problem, see: Note, Federal Habeas Corpus and the Doctrine of Waiver Through Deliberate Bypass of State Procedures, 31 La.L.Rev. 601 (1971); White, Federal Habeas Corpus: The Impact of the Failure to Assert a Constitutional Claim at Trial, 58 Va.L.Rev. 67 (1972); State Post Conviction Remedies and Federal Habeas Corpus: A Study for the Federal Judicial Center, 12 Wm. and Mary L.Rev. 149 (1970); and Lay, Problems of Federal Habeas Corpus Involving State Prisoners, 45 F.R.D. 45 (1969). The article in 12 Wm. and Mary L.Rev. contains a table relating to post conviction provisions at 228–233.

tion where such issue could have but was not raised on direct appeal.[7]

In *Fields v. State*, supra, 468 S.W.2d 31, our Supreme Court refused to consider a claim of unlawful search and seizure which had not been properly preserved for appeal. In *Fields*, no motion to suppress had been filed, no objection was made at trial, no mention of the claim was made in the motion for new trial, and the illegal search and seizure claim was rejected on direct appeal. *State v. Fields*, 442 S.W.2d 30 (Mo.1969). In this posture, the Supreme Court held that the matter was not cognizable in the 27.26 motion. *Fields*, supra, 468 S.W.2d at 32.[8]

Thereafter, in *Vidauri v. State*, 515 S.W.2d 562 (Mo.1974), the Supreme Court upheld the trial court's ruling that the 27.26 movant's confession was involuntary, even though the state contended that the movant's failure to preserve the claim operated as a bypass. The *Vidauri* court distinguished *Fields* by noting that Vidauri had twice objected on constitutional grounds to the alleged involuntary confession outside the presence of the jury and when the confession was offered before the jury. *Fields*, said the court, did not establish a "blanket" rule that any and all constitutional objections are forfeited by failure to preserve them in the motion for new trial, but recognized that there could be a deliberate bypass of procedural remedies sufficient to bar consideration of a claim on a 27.26 motion.

The court in *Vidauri* recognized *Fields* as an example of "deliberate bypass of a procedural rule by the defendant." The court in *Vidauri* also distinguished *Nickens v. State*, 506 S.W.2d 381 (Mo.1974). In *Nickens*, the court held that the movant's alleged trial errors affecting constitutional rights [defective indictment, coerced confession] were not cognizable where he had specifically waived his right to an appeal and where the waiver was clearly made and voluntary.

The case at bar is a situation more akin to *Fields* than *Vidauri*. *Fields* recognizes that there may be a deliberate bypass of orderly state procedures where there is a total failure to raise a constitutional claim and that such an absence of claiming a constitutional issue precludes the raising of the issue on a 27.26 motion. In the case at bar, movant made no pretrial, trial or post trial objection to the inculpatory statement. He made no effort on the 27.26 motion or on this appeal to explain a failure to object to the admission of the statement or to refute the contention that he should have raised the claim on direct appeal. On cross-examination at the trial, retained and experienced defense counsel examined Officer Howell concerning the statement and the circumstances surrounding the arrest. After the state elicited the movant's statement on the direct examination of Officer Howell, counsel referred to the statement and the circumstances in an apparent attempt

7. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Holiday v. State*, 512 S.W.2d 953, 957 (Tenn.Cr.App.1972); *Neighbors v. People*, 171 Colo. 349, 467 P.2d 804, 808 (banc 1970); *Gross v. State*, 320 N.E.2d 817, 820 (Ind.App.1974); *People v. Robinson*, 25 Ill.App.3d 52, 322 N.E.2d 505, 508 (1975); *State v. Martinez*, 85 N.M. 293, 511 P.2d 779 (App.1973); *Johnson v. Warden, Nevada State Prison*, 515 P.2d 63, 64 (Nev.1973)—particularly strong holding; *Walker v. State*, 216 Kan. 1, 530 P.2d 1235, 1237 (1975); *Tyson v. State*, 298 Minn. 559, 214 N.W.2d 461 (1974); *State v. Kuecey*, 60 Wis.2d 677, 211 N.W.2d 453, 455 (1973); *Sellers v. Boone*, 261 S.C. 462, 200 S.E.2d 686 (1973); *State v. Hughes*, 128 N.J.Super.

363, 320 A.2d 182, 184 (1974); *Duguay v. State*, 309 A.2d 234 (Me.1973); *Morrison v. State*, 283 So.2d 137 (Fla.App.1973). See A.B.A. Standards Relating to Post Conviction Remedies, § 6.1, pp. 85–90 (1967).

8. Where defense counsel took appropriate steps and actions to exclude allegedly involuntary incriminating statements, the Supreme Court in *Lewis v. State*, 501 S.W.2d 20 (Mo.1973), held that the admission of the statement was at most a trial error which could be considered only on direct appeal and not under Rule 27.26. The court relied on *State v. Thompson*, supra, 324 S.W.2d at 135–136; *State v. Hooper*, and *State v. Wiggins*, both supra. See also *State v. Gray*, 432 S.W.2d 593 (Mo.1968).

to characterize the search and seizure as unlawful. The circumstances surrounding the statement were an integral part of the search and seizure.

■ Under all these circumstances, we believe that there was a bypass of orderly state procedure and that the movant is precluded from raising the *Miranda* issue on his 27.26 motion. Here the record suggests that the failure to raise the issue was for reasons which can fairly be described as a deliberate bypassing of orderly state procedures so that the issue is not cognizable on 27.26. In view of the circumstances we do not believe that this holding amounts to "the perpetration of injustices of grave constitutional importance" which is one of the purposes of Rule 27.26. *Vidauri v. State*, supra, 515 S.W.2d at 570.

We conclude, as did the trial court, that this issue should have been raised on direct appeal.

## V

Notwithstanding the fact that the *Miranda* issue should have been raised on direct appeal and the failure to raise the issue at all stages of the proceeding constituted a deliberate bypass of orderly state procedure, the denial of the motion to vacate by the trial court was proper, since we believe that *Miranda* is not applicable to these facts.

In *Miranda v. Arizona*, supra,[9] it was held that the "prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. at 444, 86 S.Ct. at 1612.

The whole thrust of *Miranda*, however, dealt with the subtle forms of psychological pressure which may be brought to bear upon an accused when he is interrogated.

After an investigation focuses on an accused, *Miranda* announced technical standards governing the admission of in-custody statements and held that such statements were inadmissible when warnings were not given.

■ But *Miranda* safeguards were not intended to create a constitutional straightjacket, and volunteered or general on-the-scene questioning was not prohibited by the holding. *State v. O'Neal*, 436 S.W.2d 241 (Mo.1968); *O'Neal v. Swenson*, 301 F.Supp. 1105 (W.D.Mo.1969).

■ There are a number of situations to which *Miranda* is inapplicable: (1) There is no requirement that *Miranda* warnings be given to individuals who are arrested for motor vehicle offenses, *State v. Neal*, 476 S.W.2d 547, 553 (Mo.1972); *State v. Durio*, 512 S.W.2d 833, 835 (Mo.App. 1974); annot. 25, A.L.R.3d 1076 (1969); (2) where circumstances require, an officer may, when dealing with automobile situations, interrogate without giving *Miranda* warnings, *State v. Bradford*, 434 S.W.2d 497, 501 (Mo.1968); *State v. Hale*, 463 S.W.2d 869, 871 (Mo.1971); and (3) in situations substantially similar to the case at bar, it has been held that no warnings need be given. *People v. Hubbard*, 9 Cal.App.3d 827, 88 Cal.Rptr. 411 (1970).

In *People v. Hubbard*, supra, two police officers saw a vehicle driven by defendant fail to stop for a traffic light. After being stopped, the defendant removed himself from the vehicle and the officer "patted him down." After seeing a plastic bag protruding from defendant's pocket, the officer asked if "he had any pills." Defendant responded, "They're reds. They belong to my mother." Defendant was then arrested. On appeal, defendant contended that the statement was inadmissible since no *Miranda* rights were given, but the California court held that the case arose in a

---

**9.** The broad principles of *Miranda* have been limited by *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1970), and *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974).

setting not at all comparable to *Miranda.* "Here we have two police officers . . . confronting . . . strangers . . . . The simple question which [the] Officer . . . asked defendant . . . presented none of the 'compelling atmosphere' with which the Miranda opinion is concerned." *People v. Hubbard*, supra, 88 Cal.Rptr. at 417–418.[10]

This, we believe to be persuasive. In the case at bar the defendant was stopped for a traffic offense; the officer had only the intent to give defendant a traffic ticket for such violation; he was stopped for an altogether different reason than that for which he was subsequently charged and tried; it was only after movant reached into his rear pocket that Officer Howell took further action, searched, found the condoms and asked the question. The defendant was restrained not because the officer believed he possessed heroin but because he made a move toward his rear pocket. At this time the investigation for possession of heroin had not focused on the movant. And the totality of the circumstances did not present a compelling police atmosphere with which *Miranda* was concerned.

Neither do we believe that the question by Officer Howell was the result of "custodial interrogation." Although handcuffed, the handcuffing was for a reason unrelated to his arrest for illegal possession of narcotics. In *State v. Williams*, 522 S.W.2d 641 (Mo.App.1975), we discussed the issue of "custodial interrogation." We held that "no hard and fast rule can be established as to when custodial interrogation begins, but it must be determined from the surrounding circumstances, some of which include probable cause to arrest, the subjective intent of the police officer, and who if anyone was the focus of the investigation at the time of the interrogation." *State v. Williams*, supra, 522 S.W.2d at 644. See also *State v. Bradford*, supra, and annot., What

Constitutes Custodial Interrogation, 31 A.L. R.3d 565 (1970).

Under all the facts, we conclude that *Miranda* is inapplicable and warnings were not, under these circumstances, required to be given.

## VI

Lastly, we believe that the admission of the statement by the defendant at the scene could not in any sense be prejudicial. The criminalist (chemist), Miss Ruemmler, testified at the trial that the substance found by Officer Howell on the movant's person was heroin. Even if, as claimed by movant, the admission of the statement was error, it was nevertheless harmless and nonprejudicial. *State v. Gibson*, 502 S.W.2d 310, 314 (Mo.1973). The substance found on his person was identified as illegal.

The Supreme Court of the United States has recently made clear that *Miranda* did not establish substantive constitutional rights, but expounded a series of prophylactic rules designed to protect a citizen's Fifth Amendment right to be free from compulsory self-incrimination. *Null v. Wainwright*, 508 F.2d 340, 342 (5th Cir. 1975), citing *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974). The failure to give such warnings may constitute harmless error. *Null v. Wainwright*, supra.

Under the circumstances, failure to give the warnings would not entitle movant to vacation of his sentence.

## VII

We have read the entire transcripts, the briefs and the authorities relied upon and conclude that the trial court did not err in sustaining the state's motion to dismiss and

10. See also *State v. Twitty*, 18 Ohio App.2d 15, 246 N.E.2d 556 (1969); *State v. Gray*, 3 Wash.App. 146, 473 P.2d 189 (1970); *Allen v. United States*, 129 U.S.App.D.C. 61, 390 F.2d 476 (1968).

denying the movant's motion to vacate sentence.

The judgment is affirmed.

McMILLIAN and GUNN, JJ., concur.

# APPENDIX*

## I

The following is a listing of judicial decisions in Missouri dealing with the 27.26 motion. It is not exhaustive but is intended to show the scope and limitations of a Rule 27.26 motion.

For general discussions and further reference, see Anderson, Five Years Under Amended Rule 27.26, 38 Mo.L.Rev. 1 (1973); Pelofsky and Purdon, A Study in Post-Conviction Remedies, 39 U.M.K.C. L.Rev. 1 (1970); 9B Mo. Digest, Criminal Law, Key 998(2) et seq. and decisions following Rule 27.26, V.A.M.R.

## II

### MATTERS NOT COGNIZABLE IN A

### 27.26 MOTION TO VACATE SENTENCE

A. In General

 1. Matters which could have been or were raised on a prior motion.
 Duncan v. State, 524 S.W.2d 140, 143 (Mo.App.1975)
 Harkins v. State, 521 S.W.2d 9, 10 (Mo.App.1975)
 Newman v. State, 481 S.W.2d 3, 5 (Mo.1972)

 2. Matters which have already been decided on direct appeal.
 Mayo v. State, 524 S.W.2d 181, 182 (Mo.App.1975)
 Weaver v. State, 520 S.W.2d 640, 643 (Mo.App.1975)
 Sweazea v. State, 515 S.W.2d 499, 501 (Mo.1974)
 Gailes v. State, 454 S.W.2d 561, 563 (Mo.1970)

 3. Matters not raised as grounds for relief at 27.26 evidentiary hearing and raised on appeal.
 Steward v. State, 499 S.W.2d 830, 832 (Mo.App.1973)

 4. Matters waived by movant's voluntary waiver of right to appeal.
 Nickens v. State, 506 S.W.2d 381, 386 (Mo.1974)

 5. Overruling motion is final judgment.
 Ivy v. State, 509 S.W.2d 148, 152 (Mo.App.1974)

 6. Must allege facts.
 Shields v. State, 491 S.W.2d 6, 8 (Mo.App.1973)

B. Illegal Arrest
 Jackson v. State, 512 S.W.2d 249, 252 (Mo.App.1974)
 Collins v. State, 454 S.W.2d 917, 919 (Mo.1970)

C. Unlawful Search and Seizure
 Lewis v. State, 513 S.W.2d 772, 774 (Mo.App.1974)
 Beach v. State, 488 S.W.2d 652, 655 (Mo.1972)
 Smith v. State, 473 S.W.2d 719, 720 (Mo.1971)
 Brodkowicz v. State, 474 S.W.2d 822, 827 (Mo.1972)
 Mahurin v. State, 477 S.W.2d 33, 35 (Mo.1972)

*Caveat: These cases do not indicate whether federal relief was later sought or what disposition was made.

D. Newly Discovered Evidence
> Thomas v. State, 512 S.W.2d 116, 123 (Mo.banc 1974)
> Agee v. State, 512 S.W.2d 401, 403 (Mo.App.1974)
> State v. Stegall, 485 S.W.2d 414, 416 (Mo.1972)
> But see Duncan v. State, 520 S.W.2d 123, 125 (Mo.App.1975)

E. Constitutional Rights Antedating a Voluntary Plea of Guilty

1. Improper identification on lineup when denied right to counsel.
> Johnson v. State, 472 S.W.2d 433, 434 (Mo.1971)--without evidentiary hearing

2. Lack of speedy trial.
> Rew v. State, 472 S.W.2d 611, 613 (Mo.1971)

3. Inadmissible confession not affecting voluntariness of plea.
> Coney v. State, 491 S.W.2d 501, 513 (Mo.1973)
> Roberts v. State, 476 S.W.2d 490, 494 (Mo.1972)--detention beyond 20 hours
> Brodkowicz v. State, 474 S.W.2d 822, 827 (Mo.1972)
> Miller v. State, 473 S.W.2d 413, 418 (Mo.1971)
> Floyd v. State, 518 S.W.2d 700, 703 (Mo.App.1975)
> Jefferson v. State, 442 S.W.2d 6, 10 (Mo.1969)

4. Ineffective assistance of counsel not affecting voluntariness of plea.
> Floyd v. State, 518 S.W.2d 700, 703 (Mo.App.1975)
> Brown v. State, 495 S.W.2d 690, 694 (Mo.App.1973)
> Barylski v. State, 473 S.W.2d 399, 402 (Mo.1971)
> Duncan v. State, 524 S.W.2d 140, 143 (Mo.App.1975)-- ineffective assistance on first 27.26 filed not cognizable
> Harkins v. State, 521 S.W.2d 9, 11 (Mo.App.1975)

5. Failure of police to give Miranda warnings.
> Clemmons v. State, 520 S.W.2d 623, 624 (Mo.App.1975)
> Meller v. State, 438 S.W.2d 187, 193 (Mo.1969)--no statement used against him

6. Dissatisfaction with conditions of penal servitude while awaiting trial.
> Beach v. State, 488 S.W.2d 652, 655 (Mo.1972)
> Jackson v. State, 476 S.W.2d 598, 599 (Mo.1972)
> Ivy v. State, 509 S.W.2d 148, 153 (Mo.App.1974)

7. Irregularities at preliminary hearing.
> Huffman v. State, 451 S.W.2d 21, 26 (Mo.1970)
> Stanfield v. State, 442 S.W.2d 521, 525 (Mo.1969)

8. Illegal evidence, confession, insanity and entrapment.
> State v. Brown, 449 S.W.2d 664, 666 (Mo.1970)

9. Defective information.
> Miller v. State, 473 S.W.2d 413, 418 (Mo.1971)

F. Trial Errors

1. Failure to instruct on lesser included offense did not show deprivation of constitutional right.
> Brown v. State, 490 S.W.2d 657, 659 (Mo.App.1973)

2. Improper argument.
> Booth v. State, 491 S.W.2d 286, 288 (Mo.1973)

3. Question propounded by prosecutor asserted as violation of due process is not sufficient to elevate status of trial error to constitutional standard.

> Mayo v. State, 524 S.W.2d 181, 182 (Mo.App.1975)

4. Errors in admission of evidence.

 a. prior crimes

> Booth v. State, 491 S.W.2d 286, 288 (Mo.1973)

 b. inadmissible testimony--alleging deprivation of constitutional right.

> Jones v. State, 504 S.W.2d 231, 232 (Mo.App.1973)
> Thomas v. State, 485 S.W.2d 413, 413 (Mo.1972)
> State v. Warren, 406 S.W.2d 605, 607 (Mo.1966)

5. Defendant's appearance before jury in rumpled, dirty work clothes.

> Wilwording v. State, 438 S.W.2d 447, 450 (Mo.1969)

6. Confession taken from juvenile by police before he was taken to juvenile court.

> Coney v. State, 491 S.W.2d 501, 506 (Mo.1973)

7. Cross-examination by prosecutor.

> Agee v. State, 512 S.W.2d 401, 403 (Mo.App.1974)

8. Deprivation of peremptory challenges to venireman panel.

> Wilwording v. State, 438 S.W.2d 447, 449 (Mo.1969)

9. Errors relative to instructions.

> Campbell v. State, 515 S.W.2d 453, 456 (Mo.1974)
> Jewell v. State, 515 S.W.2d 806, 807 (Mo.App.1974)
> Thomas v. State, 485 S.W.2d 413, 413 (Mo.1972)
> State v. Smith, 411 S.W.2d 208, 210 (Mo.1967)
> Sherrill v. State, 515 S.W.2d 611, 612 (Mo.App.1974)

10. "Biased" juror.

> Selman v. State, 454 S.W.2d 530, 532 (Mo.1970)

11. Conclusionary allegations that trial errors affected constitutional rights.

> Mayo v. State, 524 S.W.2d 181, 182 (Mo.App.1975)
> Richards v. State, 495 S.W.2d 442, 443 (Mo.1973)
> O'Neal v. State, 486 S.W.2d 206, 208 (Mo.1972)
> Agee v. State, 512 S.W.2d 401, 402 (Mo.App.1974)
> Booth v. State, 491 S.W.2d 286, 288 (Mo.1973)

G. Excessive or Cruel or Harsh or Unusual Sentence (where within statutory range)

> Duncan v. State, 524 S.W.2d 140, 142 (Mo.App.1975)--
> sentence more severe than others
> Shields v. State, 491 S.W.2d 6, 9-10 (Mo.App.1973)
> Meller v. State, 435 S.W.2d 637, 640 (Mo.1968)
> Bracy v. State, 456 S.W.2d 302, 306 (Mo.1970)
> Griggs v. State, 479 S.W.2d 478, 481 (Mo.1972)
> Garrett v. State, 486 S.W.2d 272, 274 (Mo.1972)
> See also Johnson v. State, 442 S.W.2d 41, 46-47 (Mo.1969)--
> an excessive sentence may be corrected and is not grounds
> for vacating sentence

1. Sentence greater than co-defendant's (absent showing that court was engaged in arbitrary or discriminatory conduct).

> Bradley v. State, 494 S.W.2d 45, 49 (Mo.1973)
> Shields v. State, 491 S.W.2d 6, 9-10 (Mo.App.1973)
> Phillips v. State, 486 S.W.2d 237, 239 (Mo.1972)

2. Power of trial court to determine whether sentences are con-current or consecutive.
> Mullin v. State, 473 S.W.2d 429, 430 (Mo.1971)

3. Discretion in prosecutor to charge under Second Offender Act.
> Wilwording v. State, 438 S.W.2d 447, 449 (Mo.1969)

4. Greater sentence on retrial by second jury.
> Spidle v. State, 446 S.W.2d 793, 795 (Mo.1969)

H. **Matters Affecting Parole Revocation** (denial of due process--proper remedy is habeas corpus)
> Green v. State, 494 S.W.2d 356, 357 (Mo.banc 1973)
> Jones v. State, 471 S.W.2d 166, 168 (Mo.banc 1971)
> Smith v. State, 517 S.W.2d 148, 150 (Mo.1974)

I. **Perjury**

1. At 27.26 hearing.
> Sallee v. State, 460 S.W.2d 554, 559 (Mo.1970)
> See Duncan v. State, 520 S.W.2d 123 (Mo.App.1975)

2. Absent showing prosecutor was aware testimony was false at time of trial.
> State v. Statler, 383 S.W.2d 534, 537 (Mo.1964)
> Coles v. State, 495 S.W.2d 685, 687 (Mo.App.1973)

J. **Issues of Credibility**

1. Involving an involuntary confession.
> Jones v. State, 445 S.W.2d 311, 313-314 (Mo.1969)

2. Involving voluntariness of plea of guilty.
> Daniels v. State, 454 S.W.2d 17, 20 (Mo.1970)
> Peterson v. State, 444 S.W.2d 673, 676 (Mo.1969)

3. Involving witness' testimony.
> Bledsoe v. State, 456 S.W.2d 4, 6 (Mo.1970)
> Campbell v. State, 515 S.W.2d 453, 456 (Mo.1974)
> Quinn v. State, 515 S.W.2d 603, 607 (Mo.App.1974)
> Byrd v. State, 520 S.W.2d 611, 614 (Mo.App.1975)
> Floyd v. State, 518 S.W.2d 700, 702-703 (Mo.App.1975)

K. **Absence of Counsel**

1. At arraignment (where counsel is appointed or obtained after defendant's plea of not guilty).
> Horn v. State, 498 S.W.2d 771, 774 (Mo.1973)
> McClain v. State, 448 S.W.2d 599, 601 (Mo.1970)

2. At sentencing (absent prejudice to accused).
> Jones v. State, 494 S.W.2d 659, 661 (Mo.App.1973)

3. At pretrial photographic display.
> Steward v. State, 499 S.W.2d 830, 833 (Mo.App.1973)

4. May waive at preliminary hearing absent prejudice to accused.
> Hendrix v. State, 495 S.W.2d 457, 459-460 (Mo.App.1973)
> Horn v. State, 498 S.W.2d 771, 774 (Mo.1973)
> Geren v. State, 473 S.W.2d 704, 707 (Mo.1971)
> Knight v. State, 491 S.W.2d 282, 285 (Mo.1973)
> Fleck v. State, 443 S.W.2d 100, 101 (Mo.1969)

L. Speedy Trial

1. Absent demand to try case by defendant or his counsel.
 State v. Horn, 498 S.W.2d 771, 774 (Mo.1973)

2. Because defendant lived in a rural area with fewer terms of court than urban areas.
 Morton v. State, 468 S.W.2d 638, 639-640 (Mo.1971)

3. Delay of 27.26 hearing.
 Clark v. State, 497 S.W.2d 170, 174-175 (Mo.1973)
 Simpson v. State, 487 S.W.2d 512, 514 (Mo.1972)

M. Conduct by the Court

1. Failure to conduct presentence investigation.
 Hamilton v. State, 490 S.W.2d 363, 365· (Mo.App.1973)

2. Failure to hold or defect in preliminary hearing, absent objection by defendant before trial.
 Shields v. State, 491 S.W.2d 6, 10 (Mo.App.1973)

3. No constitutional right to accept guilty plea.
 Steward v. State, 499 S.W.2d 830, 832 (Mo.App.1973)

4. Consideration of improper prior convictions in sentencing where one of prior convictions is valid.
 Jackson v. State, 476 S.W.2d 598, 599-600 (Mo.1972)

5. Comments of judge during trial as deprivation of right to fair trial, absent support from record.
 Meller v. State, 435 S.W.2d 637, 640 (Mo.1968)

6. Failure to grant continuance.
 Woody v. State, 445 S.W.2d 288, 292 (Mo.1969)

N. Insufficiency of Information or Indictment
 Morgan v. State, 472 S.W.2d 373, 374 (Mo.1971)
 Walster v. State, 438 S.W.2d 1, 3 (Mo.1969)
 Collins v. State, 479 S.W.2d 470, 471 (Mo.1972)

O. Physical Restraint of Defendant at Hearing on 27.26 Motion
 Russell v. State, 494 S.W.2d 30, 38 (Mo.1973)

P. Misleading Statements of Prosecutor Regarding Prior Convictions at Time of Sentencing
 Phillips v. State, 486 S.W.2d 237, 238-239 (Mo.1972)

Q. Withdrawal of Voluntary Plea of Guilty, Absent Showing of Manifest Injustice
 Beavers v. State, 520 S.W.2d 675, 680 (Mo.App.1975)
 Winford v. State, 485 S.W.2d 43, 49 (Mo.banc 1972)--failure
 of transcript to show full compliance with Rule 25.04
 Babcock v. State, 485 S.W.2d 85, 89 (Mo.1972)
 Drew v. State, 436 S.W.2d 727, 729 (Mo.1969)

1. Longer sentence received than anticipated.
 Abrams v. State, 521 S.W.2d 177, 180 (Mo.App.1975)
 Babcock v. State, 485 S.W.2d 85, 90 (Mo.1972)

2. Incorrect opinion of attorney that court will accept recommendation.
 State v. Bonds, 521 S.W.2d 18, 21 (Mo.App.1975)

3. Failure of court to explain each technical element of the offense.
> Abrams v. State, 521 S.W.2d 177, 179 (Mo.App.1975)
> State v. Conner, 500 S.W.2d 300, 302 (Mo.App.1973)
> Jones v. State, 471 S.W.2d 223, 228 (Mo.1971) [range of punishment]

## R. Miscellaneous Matters

1. Verdict not in compliance with the court's instructions or the law of Missouri in failing to follow form of indictment.
> State v. Stegall, 485 S.W.2d 414, 416 (Mo.1972)

2. Challenge to sufficiency of medical examination to determine competency to stand trial or to assist in preparation of defense.
> Campbell v. State, 515 S.W.2d 453, 455 (Mo.1974)
> Bledsoe v. State, 456 S.W.2d 4, 6 (Mo.1970) [trial error]

3. Failure of counsel to brief and argue original appeal.
> Gerberding v. State, 433 S.W.2d 820, 824 (Mo.1968)

4. Ineffective assistance of counsel.
> See Thomas v. State, 516 S.W.2d 761 (Mo.App.1974)-- excellent summary

5. Inculpatory or exculpatory statement of defendant where no evidence presented in support of allegation pertaining to use of statement.
> Webb v. State, 447 S.W.2d 513, 514 (Mo.1969)
> Nolan v. State, 446 S.W.2d 754, 755 (Mo.1969) [not used by state]

6. State's use of peremptory challenges to strike all black jurors, absent showing of systematic practice.
> Brown v. State, 470 S.W.2d 543, 544 (Mo.1971)

7. Validity of extradition proceedings.
> Watson v. State, 475 S.W.2d 8, 12 (Mo.1972)
> State v. Estes, 406 S.W.2d 560, 562 (Mo.1966)

8. Ineffective assistance of counsel at 27.26 hearing.
> Duncan v. State, 524 S.W.2d 140, 142 (Mo.App.1975)
> Harkins v. State, 521 S.W.2d 9, 11 (Mo.App.1975)
> Williams v. State, 507 S.W.2d 664, 666 (Mo.App.1974)
> McCormick v. State, 502 S.W.2d 324, 326 (Mo.1973)

9. Failure of state to endorse witness on information.
> State v. Reeble, 399 S.W.2d 118, 121 (Mo.1966)

10. Plea proceeding voluntarily made.
> Foster v. State, 520 S.W.2d 684, 686 (Mo.App.1975)

11. Knowing suppression of favorable evidence absent showing that prosecutor was aware of evidence at time of trial.
> Mason v. State, 468 S.W.2d 617, 622 (Mo.1971)

III

### 27.26 DECISIONS IN WHICH GROUNDS
### FOR RELIEF WERE FOUND MERITORIOUS

A. Guilty Plea, Involuntary, Failure to Inform, etc.

 1. Leave to withdraw plea granted.
 Williams v. State, 473 S.W.2d 97 (Mo.1971)
 Doepke v. State, 465 S.W.2d 507 (Mo.1971)
 Burrell v. State, 461 S.W.2d 738 (Mo.1971) [understanding]
 State v. Reese, 457 S.W.2d 713 (Mo.1970)
 State v. Arnold, 419 S.W.2d 59 (Mo.1967)
 State v. Edmonson, 438 S.W.2d 237 (Mo.1969)

 a. Absence of counsel at time of plea alleged to be involuntary.
 Morris v. State, 456 S.W.2d 289 (Mo.1970) [leave to withdraw plea granted]

 b. Ineffective assistance of counsel affecting voluntariness of plea.
 Pedicord v. Swenson, 304 F.Supp. 393 (W.D.Mo.1969) [leave to withdraw plea granted--habeas corpus]
 Miller v. State, 498 S.W.2d 79 (Mo.App.1973) [hearing ordered on issue of defendant's competency or in alternative leave to withdraw plea]
 Hall v. State, 496 S.W.2d 300 (Mo.App.1973) [leave to withdraw plea granted]

 2. Remand for evidentiary hearing on voluntariness.
 State v. Rose, 440 S.W.2d 441 (Mo.1969)--assured of probation
 State v. Sayre, 420 S.W.2d 303 (Mo.1967)

B. Ineffective Assistance of Counsel

 1. Holbert v. State, 439 S.W.2d 507 (Mo.1969) [remand for hearing]
 State v. Keeble, 427 S.W.2d 404 (Mo.1968) [remand for hearing]

 2. Thomas v. State, 516 S.W.2d 761 (Mo.App.1974) [remand for hearing] (excellent summary)

C. Denial of Right to or Assistance of Counsel at Critical Stage

 1. At time of motion for new trial.
 Nicholson v. State, 524 S.W.2d 106 (Mo.1975) [motion for new trial permitted to be filed]
 Ball v. State, 479 S.W.2d 486 (Mo.1972) [new motion with assistance of counsel permitted to be filed]

 2. At trial.
 Fields v. State, 507 S.W.2d 39 (Mo.App.1974) [new trial granted]

 3. At prior conviction.
 Garrett v. State, 459 S.W.2d 378 (Mo.1970) [remand for evidentiary hearing]

D. Involuntary Waiver of Trial by Jury
 Burrage v. State, 477 S.W.2d 118 (Mo.1972) [remand for evidentiary hearing]

E. Denial of Right of Confrontation of Witnesses
 Kern v. State, 507 S.W.2d 8 (Mo.banc 1974) [new trial granted]

F. Incompetency to Stand Trial
 Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969) [evidentiary hearing granted]
 Carpenter v. State, 449 S.W.2d 584 (Mo.1970) [remand for evidentiary hearing]

G. Involuntary Confession
 Alewine v. Missouri, 352 F.Supp. 1190 (W.D.Mo.1972)
 [federal habeas dismissed because Missouri rule was
 available to afford hearing on issue of voluntariness]
 Vidauri v. State, 515 S.W.2d 562 (Mo.1974) [new trial
 granted]

H. Conviction Based on Alleged Knowing Use of Perjured Testimony
 Harris v. State, 443 S.W.2d 191 (Mo.1969) [remand for
 evidentiary hearing]
 State v. Keeble, 427 S.W.2d 404 (Mo.1968) [remand for
 evidentiary hearing]

I. Double Jeopardy
 Spidle v. Swenson, 313 F.Supp. 203 (W.D.Mo.1970) [habeas--
 new trial granted on lesser included offense]
 Durham v. State, 473 S.W.2d 397 (Mo.1971) [remand for
 findings of fact and conclusions]

J. Insufficiency of Charge Against Defendant

 1. Denial of right to be informed of nature and cause of accusation
 Taggert v. Swenson, 313 F.Supp. 146 (W.D.Mo.1970) [federal
 writ dismissed pending state ruling on 27.26 motion]

 2. Defective indictment--failure to allege essential element.
 Bullington v. State, 459 S.W.2d 334 (Mo.1970) [new trial
 granted--kidnapping]

 3. Defective information.
 Montgomery v. State, 454 S.W.2d 571 (Mo.1970) [felony
 murder-robbery]
 State v. Nolan, 418 S.W.2d 51 (Mo.1967) [new trial granted]
 State v. Garner, 432 S.W.2d 259 (Mo.1968) [judgment set
 aside and remanded]

K. Unconstitutional Identification
 Arnold v. State, 484 S.W.2d 248 (Mo.1972) [remand for evi-
 dentiary hearing]

M. Prior Convictions

 1. Finding of prior convictions not in compliance with statute.
 State v. Dixon, 434 S.W.2d 564 (Mo.1968) [remand for evi-
 dentiary hearing]

 2. Evidence received by jury of alleged void prior conviction.
 Gerberding v. State, 433 S.W.2d 820 (Mo.1968) [remand for
 evidentiary hearing]

N. Miscellaneous

 1. Involuntary abandonment of right to appeal.
 Noble v. State, 477 S.W.2d 417 (Mo.1972) [remand for evi-
 dentiary hearing]
 State v. Frey 441 S.W.2d 11 (Mo.1969) [resentence and time
 for appeal to run from resentence]

 2. Insufficient findings of fact and conclusions of law.
 Thomas v. State, 465 S.W.2d 513 (Mo.1971)

 3. Transcript of prior 27.26 hearing used to avoid new evidentiary
 hearing.
 State v. Brown, 436 S.W.2d 724 (Mo.1969) [remand for evi-
 dentiary hearing]