128 N.J. Super. 363 (1974)
320 A.2d 182
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BARRY HUGHES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1974.
Decided May 21, 1974.
*365 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Lloyd N. Simon, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. George F. Kugler, Jr., former Attorney General of New Jersey, and Mr. Lowell Espey, Deputy Attorney General, of counsel).
The opinion of the court was delivered by MICHELS, J.A.D.
Defendant appeals from a denial of his petition for postconviction relief. Defendant was found guilty of murder and armed robbery and sentenced on September 23, 1970 to State Prison for the remainder of his natural life. The Appellate Division affirmed his conviction on January 25, 1972, and the Supreme Court denied his petition for certification on March 14, 1972. On July 10, 1972 defendant filed a petition for post-conviction relief contending that his constitutional rights were violated because of the alleged systematic exclusion of blacks from the grand jury which indicted him, and because he was denied the effective assistance of counsel in that his retained attorney failed to move to dismiss the indictment in spite of his request to do so. The trial judge dismissed the petition without a hearing on the ground that the relief sought could have been raised in the prior proceeding. Defendant appeals contending (1) that his indictment was produced by a highly and *366 unconstitutionally selective system for choosing grand jurors which resulted in the exclusion of blacks; (2) that the trial court erred in determining that the ground for relief asserted in his petition could have been raised in a prior proceeding; and (3) that he was denied effective assistance of counsel for his post-conviction relief petition.
We have reviewed carefully the arguments raised by defendant and find them totally lacking in merit.
Defendant did not challenge the array of the grand jury before trial as required by R. 3:6-2, and thereby waived that defense. See R. 3:10-2; State v. Laws, 50 N.J. 159, 182-183 (1967), on reargument modified on other grounds 51 N.J. 494 (1968), cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d 384 (1968); United States ex rel. Laws v. Yeager, 448 F.2d 74, 86 (3 Cir.1971). Moreover, the ground asserted by defendant in his petition for post-conviction relief could reasonably have been raised in the prior proceeding, and therefore defendant is barred from asserting that ground in this proceeding under the express language of R. 3:22-4.
The system of selecting grand jurors discussed in State v. Rochester, 54 N.J. 85 (1969), was publicized when that case was decided on May 19, 1969. Defendant had seven months before he entered his plea on December 23, 1969 within which to challenge the array of the grand jury. He had ample time to investigate any alleged constitutional defects and raise any objection to the grand jury array, which he failed to do. See Shotwell Mfg. Co. v. United States, 371 U.S. 341, 363, 83 S.Ct. 448, 9 L.Ed. 2d 357 (1963), reh'g den. 372 U.S. 950, 83 S.Ct. 931, 9 L.Ed.2d 975 (1963).
The argument advanced by defendant, that he cannot be considered to have waived his right to challenge the array of the grand jury because such right is a constitutional right which can only be waived by "an intentional relinquishment or abandonment of a known right or privilege," was considered and rejected in Davis v. United States, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973). There, a habeas *367 corpus proceeding was brought by a federal prisoner on the ground of unconstitutional discrimination in the composition of the grand jury that indicted him. This was the first time that defendant raised this issue. He argued that his collateral attack on his conviction could be precluded by Rule 12(b) (2) of the Federal Rules of Criminal Procedure only after a hearing in which it was established that he "deliberately by-passed" or "understandingly and knowingly" waived his claim of unconstitutional grand jury composition. Rule 12(b) (2) provides, as does New Jersey R. 3:10-2, that "[d]efenses and objections based on defects in the institution of the prosecution or in the indictment * * * may be raised only by motion before trial," and that failure to do so "constitutes a waiver thereof, but the court for good cause shown may grant relief from the waiver." The Supreme Court of the United States in the Davis case followed its earlier opinion in Shotwell Mfg. Co. v. United States, supra, and held that Rule 12(b) (2) precludes untimely challenges to grand jury arrays, even when such challenges are on constitutional grounds.
The court in Davis expressly held that no more lenient standard of waiver should apply to a claim raised after a conviction simply because the claim is asserted under the habeas corpus statute rather than in the criminal proceeding itself.
The reasoning of the court in upholding the waiver provision was set forth as follows:
The waiver provisions of Rule 12(b) (2) are operative only with respect to claims of defects in the institution of criminal proceedings. If its time limits are followed, inquiry into an alleged defect may be concluded and, if necessary, cured before the court, the witnesses and the parties have gone to the burden and expense of a trial. If defendants were allowed to flout its time limitations, on the other hand, there would be little incentive to comply with its terms when a successful attack might simply result in a new indictment prior to trial. Strong tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be *368 used to upset an otherwise valid conviction at a time when reprosecution might well be difficult. [411 U.S. at 241, 93 S.Ct. at 1582, 36 L.Ed.2d at 224]
Here, defendant has failed to prove or even allege any facts tending to show that there existed "good cause" warranting the trial court to exercise its discretion to extend the time for making a challenge to the array under R. 3:6-2 or to grant defendant relief from the waiver provisions of R. 3:10-2.
Furthermore, defendant has not alleged any facts which, if true, would support his claim that the grand jury which indicted him was selected by a procedure which was "invidiously discriminatory" against negroes. R. 3:22-8. See Wade v. Yeager, 377 F.2d 841, 845-846 (3 Cir.1967), a habeas corpus proceeding, wherein the court held that defendant's allegations of systematic exclusion of Negroes from the grand and petit juries which indicted and tried him were conclusionary in that they were not substantiated by any statement of facts, and, accordingly, concluded that the defendant's claims for relief were properly dismissed without a hearing by the court below. The court declared:
We are of the opinion that the unsubstantiated charge of racial discrimination did not warrant a full scale inquiry into the manner in which grand and petit juries are selected in the County of Passaic. [at 845-846]
See also, State v. Laws, supra; United States ex rel. Laws v. Yeager, supra.
Thus, in view of the total lack of merit to the charge of discrimination in the selection of the grand jury which indicted defendant, there is absolutely no basis to support the allegation in the petition for post-conviction relief that defendant was deprived of the effective assistance of counsel. While this issue was not raised on this appeal we deem it appropriate to point out that failure to challenge the array of the grand jury on the ground that it was unconstitutionally selected or drawn was not below the standard *369 of competence demanded of attorneys in criminal cases. Cf. McMann v. Richardson, 397 U.S. 759, 770-771, 90 S.Ct. 1441, 1448-1449, 25 L.Ed.2d 763, 773 (1970); State v. Edge, 57 N.J. 580, 592-593 (1971). Furthermore, counsel is not obligated to raise issues or advance arguments which are obviously frivolous or specious. Counsel is not expected to stultify himself in an attempt to advance his client's interests. Certainly he is under no obligation to press a frivolous motion, such as a challenge to the array of the grand jury under the circumstances here. See United States v. Von Der Heide, 169 F. Supp. 560, 567 (D.D.C. 1959). See also, White v. Hancock, 355 F.2d 262, 264 (1 Cir.1966), wherein the United States Court of Appeals remarked: "* * * the right to counsel, which the federal courts have long recognized, does not include the right to counsel, whether at counsel's expense, or government expense, to advance a totally frivolous claim merely because some layman thinks it has merit."
Defendant's final contention that he was denied effective assistance of counsel for his post-conviction relief petition is unsupported by the record. Defendant in his petition for post-conviction relief, as well as in the affidavit of indigency, indicated that he desired to proceed on his application without counsel. When the petition for post-conviction relief was sent to the Public Defender for purposes of appeal, the Public Defender advised defendant that he noted that defendant did not wish to have counsel appointed and suggested that perhaps he had made a typographical error in the petition. The Public Defender asked defendant for a letter indicating that he wished to proceed pro se, pointing out that he felt defendant would be making a mistake if he did so. Defendant wrote to the Public Defender stating, "It is possible that I made a slight mistake by entering an `X' in the improper block." The Public Defender then represented defendant on this appeal. The grounds raised in support of the petition were fully briefed by the Public Defender on this appeal and have been considered *370 carefully by this court. We conclude that the failure of defendant to be represented by counsel below (even assuming that he did not wish to appear pro se) did not prejudice defendant whatsoever. His petition has absolutely no merit.
Accordingly, the order below dismissing the petition for post-conviction relief is affirmed.