STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v.
RICHARD E. LONG, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 4, 1984—Decided December 20, 1984.

Before Judges MICHELS, PETRELLA and BAIME.

*James P. McClain,* Assistant Atlantic County Prosecutor, argued the cause for appellant (*Joseph A. Fusco,* Atlantic County Prosecutor, attorney; *James P. McClain,* on the brief).

*Matthew Astore,* Assistant Deputy Public Defender, argued the cause for respondent (*Joseph H. Rodriguez,* Public Defender, attorney; *Matthew Astore* and *Patricia Kern,* Assistant Deputy Public Defender, of counsel and on the brief).

The opinion of the court was delivered by

BAIME, J. A. D.

We granted the State's motion for leave to appeal from an interlocutory order permitting defendant, who is charged with a capital offense, to challenge the composition of the grand and petit jury arrays in Atlantic County, affording the accused the right to an evidentiary hearing and staying the trial. This appeal also concerns the efficacy of a related omnibus order

entered by the Presiding Judge of the Criminal Part barring dismissal of similar motions pending in Atlantic County on the ground of lack of timeliness and consolidating all such applications for the purpose of a hearing. The order further directs that the trials in such capital cases are to be stayed pending disposition of the questions presented. In order to prevent delay, we directed that the hearings ordered by the trial judge pertaining to the composition of the grand and petit jury arrays proceed during the pendency of this appeal.

The facts essential to resolution of the issues presented here are not in dispute and are essentially a matter of record. The Atlantic County grand jury returned a multi-count indictment charging defendant with murder, armed robbery and a variety of related weapons offenses. On September 6, 1983, defendant entered a plea of not guilty and filed a plethora of pretrial motions including a challenge to the grand jury array. Although the record is somewhat ambiguous, both parties agree that the latter motion was ultimately withdrawn. On May 30, 1984, the jury selection process commenced. On that day, defense counsel sought to attack the composition of the petit jury venire claiming "insufficient minority representation." The trial judge summarily rejected defendant's claim upon the ground that it was untimely. It subsequently developed, however, that the number of available jurors on the special panel selected for the capital case was insufficient. See R.1:8–5. Based upon the joint application of the prosecutor and defense counsel, the existing panel was struck and the trial was rescheduled for July 24, 1984. The trial judge cautioned defense counsel that if he intended to challenge the array he was to file the appropriate application "no later than 30 days in advance of trial."

Pursuant to the trial court's direction, defendant filed a notice of motion on June 21, 1984, requesting an evidentiary hearing pertaining to the constitutionality of the grand and petit jury selection process, full discovery with respect to the issue and a stay of trial. A hearing was conducted on July 5,

1984.  In support of his argument, defense counsel presented the affidavit of Jonathan Lamberth, a statistician, who had performed a preliminary study of the racial composition of persons summoned for jury service in prior years.  The study disclosed a disparity between the percentage of black people residing in Atlantic County and those summoned for jury service.  Additionally, the defense submitted affidavits of members of the criminal defense bar supporting the theory that blacks were substantially under-represented on petit jury panels.  During the course of argument, defense counsel represented that discovery and preparation of a statistical analysis could be completed in one or two months.  He further estimated that a full evidentiary hearing could be conducted within a period of five trial days.

Apparently persuaded by defense counsel's arguments, the trial judge granted the application for discovery and an evidentiary hearing.  An order was entered staying the trial.  Subsequently, the Presiding Judge entered orders precluding the dismissal of similar motions pending in capital cases on the basis of timeliness, consolidating such applications for a hearing and staying all such trials pending disposition of the grand and petit jury challenges.  The court rejected the prosecutor's request to proceed with the capital trials and the evidentiary hearing concurrently.  Subsequent motions for reconsideration were denied.

The State contends that defendant's challenge to the grand and petit jury arrays was filed well beyond the appropriate time period provided by our rules and should have been dismissed. The principal thrust of the State's claim is that such a motion must be made within 30 days of entry of the original plea absent a showing of good cause.  The necessary predicate to the prosecutor's argument is that *R*.1:8–3, *R*.3:6–2 and *R*.3:10–5 should be read in *pari materia*.  Alternatively, the State contends that *R*.1:8–3, which requires resolution of questions per-

taining to the composition of the petit jury array prior to trial, should be relaxed pursuant to *R.*1:1–2. More specifically, the State asserts that the delay attributable to defendant's jury challenge will substantially impair its ability to prosecute. It is argued that such prejudice is magnified by virtue of the Presiding Judge's "overly broad" order staying "indefinitely" all capital trials pending disposition of the consolidated motions. Under these circumstances, the State contends that the stay should be vacated so that capital trials can proceed expeditiously.

We note at the outset that our rules are somewhat ambiguous with respect to the requisite time periods within which motions challenging the grand and petit jury arrays must be filed. *R.*1:8–3 merely provides that a challenge to the petit array must be decided "before any individual juror is examined." *R.*3:6–2 is substantially more specific and states that a challenge to the grand jury array is to be made "within 30 days of the service of the complaint or within 30 days of the entry of a plea, whichever is later, *or within such further time as the court permits.*" (emphasis added). Although the latter rule seems simple enough, its relationship to *R.*3:10–1, *R.*3:10–2 and *R.*3:10–5 creates substantial interpretive problems. *R.*3:10–1 states that "[a]ny defense or objection capable of determination without trial ... may be raised before trial...." In a somewhat similar vein, *R.*3:10–2 provides that "defenses and objections based on defects in the institution of the prosecution or in the indictment ... must be made by motion before trial...." Finally, *R.*3:10–5 states that all "motion[s] made pursuant to *R.* 3:10 which [are] required or permitted to be made before trial shall be made within 30 days of the initial plea to the charge, *but the court may for good cause shown enlarge the time thereafter.*" (emphasis added). Arguably, a motion attacking the petit jury array constitutes a "defense or objection capable of determination without trial" under *R.*3:10–1 and, therefore,

should be made within 30 days of the initial plea pursuant to *R.* 3:10–5. Such a construction of the two rules does not conflict with *R.*1:8–3 since that provision merely mandates that a challenge to the petit jury array must be decided before trial. So posited, a cogent argument can be made that such a challenge cannot be considered beyond the 30 day period absent a showing of good cause. Similarly, a motion attacking the composition of the grand jury array conceivably constitutes a defense or objection "based on defects in the institution of the prosecution or in the indictment" under *R.*3:10–2. If so, it can be argued that *R.*3:6–2 is modified by the provisions set forth in *R.* 3:10–5 which require a showing of good cause in order to enlarge the 30 day time period within which a motion must be filed. Although we have been unable to find any published decision directly bearing on the issue, we note that this construction was implicitly adopted in *State v. Hughes,* 128 *N.J.Super.* 363, 368 (App.Div.1974) certif. den. 66 *N.J.* 307 (1974), *State v. Porro,* 152 *N.J.Super.* 259, 264 (Law Div.1977), aff'd 158 *N.J.Super.* 269 (App.Div.1977), *cert.* den. 439 *U.S.* 1047, 99 *S.Ct.* 724, 58 *L.Ed.*2d 706 (1978) and *State v. Robinson,* 128 *N.J.Super.* 525, 529 (Law Div.1974).

We have no occasion to decide the question here, however, because we are satisfied that the trial judge did not abuse his discretion in permitting defendant to challenge the grand and petit jury arrays out of time. We recognize that acceptance of such eleventh hour claims is by no means constitutionally compelled. *Parker v. North Carolina,* 397 *U.S.* 790, 798–799, 90 *S.Ct.* 1458, 1462–1463, 25 *L.Ed.*2d 785, 792–793 (1970); *Michel v. Louisiana,* 350 *U.S.* 91, 93–95, 76 *S.Ct.* 158, 160–161, 100 *L.Ed.* 83 (1956). *See also Davis v. United States,* 411 *U.S.* 233, 93 *S.Ct.* 1577, 36 *L.Ed.*2d 216 (1973); *State v. Laws,* 50 *N.J.* 159, 182–183 (1967), on reargument modified on other grounds 51 *N.J.* 494 (1968), *cert.* den. 393 *U.S.* 971, 89 *S.Ct.* 408, 21 *L.Ed.*2d 384 (1968); *State v. Butler,* 155 *N.J.Super.* 270, 271

(App.Div.1978). This much conceded, we are sensitive to the trial judge's concern with an emotionally charged and potentially difficult claim. The right to an impartial jury "goes to the very essence of a fair trial." *State v. Williams*, 93 *N.J.* 39, 60 (1983). It is, thus, a well established principle of our jurisprudence that juries, as instruments of public justice, must be truly "representative of the community." *State v. Rochester*, 54 *N.J.* 85, 88 (1969). The right to an impartial jury "is entitled to the most zealous protection in the context of a criminal prosecution in which the defendant faces the death penalty." *State v. Williams, supra*, 93 *N.J.* 61–62. Within that context, we believe that the trial judge did not mistakenly exercise his discretion. Whatever the requisite standard, whether it be good cause or some lesser burden, we are persuaded that the materials presented at the motion hearing were sufficient to support enlargement of the time period within which defendant's constitutional attacks could be made. *Cf. Test v. United States*, 420 *U.S.* 28, 30, 95 *S.Ct.* 749, 750, 42 *L.Ed.*2d 786, 789 (1974); *Mobley v. United States*, 379 *F.*8d 768, 773 (5th Cir. 1967). We discern no valid reason to disturb the trial judge's conclusion in that regard.

We are greatly concerned with the Presiding Judge's decision not to relax our rules and permit capital cases to be tried concurrently with the hearing on the consolidated motions. The court's decision that all motions were to be resolved prior to trial was predicated upon the provisions of *R.*1:8–3. We do not doubt that generally motions attacking the grand or petit jury arrays should be heard and decided before trial. Nonetheless, the facts here are somewhat unusual. The effect of the Presiding Judge's decision is to compel a virtual moratorium on the conduct of capital trials. We note that the rules are designed to secure "simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." *State v. Emmett*, 108 *N.J.Super.* 322, 325 (App.Div.1970).

They are not an end in themselves. In a wide variety of contexts, our courts have recognized that our system is "first and foremost [one] of justice, not to be frustrated by mechanical application of rules." *Gilborges v. Wallace*, 153 *N.J.Super.* 121, 130 (App.Div.1977), modified 78 *N.J.* 342 (1978). *See also Hudson City Sav. Bank v. Hampton Gardens, Ltd.*, 88 *N.J.* 16, 24 n. 5 (1981); *DeSimone v. Greater Englewood Housing Corp. No. 1*, 56 *N.J.* 428, 434–435 (1970); *Bd. of Ed. of Elizabeth v. City Coun. of Elizabeth*, 55 *N.J.* 501, 505 (1970); *Sattleberger v. Telep*, 14 *N.J.* 353, 363 (1954). As noted by the prosecutor, there is ample precedent supporting relaxation of *R.*1:8–3. *See, e.g., State v. Smith*,[1] 102 *N.J.Super.* 325, 331 (Law Div.1968), aff'd 55 *N.J.* 476 (1970), *cert.* den. 400 *U.S.* 949, 91 *S.Ct.* 232, 27 *L.Ed.*2d 256 (1970); *State v. Ramseur*, 197 *N.J.Super.* 565 (Law Div.1984). In that context, we recognize that the right to prosecute is derived from the obligation of government to protect its citizens against criminal attack. Inordinate delays undoubtedly serve to frustrate government in fulfilling that essential mission. Nonetheless, we again point to defense counsel's representation to the trial judge that full discovery and preparation of a statistical analysis could be completed in one or two months and the evidentiary hearing could be conducted in five trial days. At oral argument, we were advised that hearings are presently ongoing. In light of these representations, we are satisfied that appellate intervention would be inappropriate. We cannot fairly say that the trial court's decision "was clearly unreasonable in the light of the accompanying and surrounding circumstances." *Stott v. Greengos*, 95 *N.J.Super.* 96, 100 (App.Div.1967), quoting from *Smith v. Smith*, 17 *N.J.Super.* 128, 129 (App.Div.1951), certif. den. 9 *N.J.* 178 (1952). We note, however, that our decision

---

[1]We note, however, that federal habeas corpus was subsequently granted resulting in the dismissal of 95 indictments. *See Smith v. Yeager*, 465 *F.*2d 272 (3rd Cir.1972), *cert.* den. 409 *U.S.* 1076, 93 *S.Ct.* 685, 34 *L.Ed.*2d 665 (1972).

does not preclude the Presiding Judge from reviewing his conclusion at a later time depending upon the length and complexity of the proceedings. It might well develop that the hearings become so cumbersome as to compel an end to the moratorium on the trial of capital cases.

■ Finally, we agree with the argument advanced by the State that the Presiding Judge exceeded his authority when he issued a blanket order precluding the prosecutor from attacking challenges to the grand and petit jury arrays on the basis of timeliness in all pending capital cases. In our view, the order is overly broad and contravenes settled principles which permit the State to raise the issue of waiver. *See, e.g., Davis v. United States, supra; Parker v. North Carolina, supra; Michael v. Louisiana, supra; State v. Laws, supra; State v. Butler, supra.* Of course, we do not doubt the broad authority vested in the Presiding Judge to take appropriate steps to insure "the expeditious processing to disposition of all matters filed within his unit." *R.*1:33–6. Clearly, the court was authorized to consolidate all pending motions attacking the grand or petit jury arrays. However, this authority does not include the power to decide in blanket fashion all underlying procedural issues without affording the right to a hearing or argument and without consideration of the individual circumstances attendent to each case. We believe that the Presiding Judge mistakenly exercised his discretion in that regard.

In sum, we affirm the order permitting defendant to attack the composition of the grand and petit jury arrays, granting the right to discovery and an evidentiary hearing, and staying the trial. We also affirm the order consolidating all such challenges in capital cases for the purpose of a hearing and staying the trials pending disposition of the questions presented. The order barring the dismissal of all such applications on the ground of timeliness is hereby reversed.