**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1036-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KARIF FORD, a/k/a KARIF
H. KING, KHYRE KING, and
KHY-RE KING,

     Defendant-Appellant.

_____

        Submitted on March 6, 2024 – Decided March 26, 2024

        Before Judges Firko and Vanek.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-09-2285.

        Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Brian F. Plunkett, Designated Counsel, on the brief).

        Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Karif Ford appeals from an August 8, 2022 Law Division order denying his pro se petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant is currently serving a twenty-year prison sentence after pleading guilty to his role in the carjacking at the parking deck of The Mall at Short Hills in Millburn, which resulted in the death of Dustin Friedland. Defendant contends he is entitled to PCR because evidence was improperly withheld from the grand jury, there was an inadequate basis for his conviction, and he received ineffective assistance of both plea and appellate counsel. After a careful review of the record and decisional law, we affirm the denial of defendant's PCR petition for substantially the same reasons set forth in Judge Michael L. Ravin's[1] thorough, twenty-four-page written decision.

I.

A full recitation of the facts underlying defendant's plea is delineated in our prior opinion on the direct appeal, State v. Ford (Ford I), No. A-5095-17 (App. Div. Apr. 21, 2020), where we affirmed defendant's conviction and sentence. In the interest of brevity, we summarize only the facts pertinent to defendant's PCR petition.

---

[1] Judge Ravin handled all of the matters referenced in this opinion.

2

On December 15, 2013, defendant and three co-defendants, Kevin Roberts, Hanif Thompson, and Basim Henry, ventured to The Mall at Short Hills with the intention of stealing a car. The group selected a Range Rover in the parking deck that was occupied by Friedland and his wife. Thompson and Roberts approached Friedland and a struggle ensued. Thompson hit Friedland with a gun and then shot him in the head. Thompson and Roberts forced Friedman's wife out of the Range Rover and drove the car out of the parking garage. Defendant and Henry fled in the car they arrived in. Emergency responders took Friedland to the hospital, where he was pronounced dead.

That night, defendant recounted the details of the incident to his brother, who reported what he learned to the police. On December 19, 2013, defendant met with detectives who informed him of his rights before proceeding with a recorded interview. Defendant provided a detailed account of the incident, including the extent of his involvement.

On September 19, 2014, a grand jury returned Indictment No. 14-09-2285, charging defendant, Thompson, Roberts, and Henry with second-degree conspiracy to commit carjacking, N.J.S.A. 2C:5-2 and 2C:15-2(a) (count one); first-degree carjacking by purposely or knowingly putting the occupants in fear of immediate bodily injury, N.J.S.A. 2C:15-2(a)(2) (count two); first-degree

A-1036-22

felony murder, N.J.S.A. 2C:11-3(a)(3) (count three); first-degree purposeful and/or knowing murder, N.J.S.A. 2C:11-3(a)(1) (count four); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count five); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count six). Defendant was separately charged in Indictment No. 14-09-2286 with second-degree certain persons not to possess weapons, N.J.S.A. 2C:39-7(b).

Defendant filed a motion to suppress evidence collected during a search of his residence pursuant to a warrant. The judge denied the motion on December 1, 2015.

On October 10, 2017, defendant pleaded guilty to count two, first-degree carjacking under N.J.S.A. 2C:15-2(a)(2). Pursuant to the plea agreement, the State dismissed the remaining charges against defendant and recommended a custodial sentence not to exceed twenty years. On January 18, 2018, defendant was sentenced to twenty years in prison with eighty-five percent parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and the remaining counts were dismissed. The judge entered an amended judgment of conviction with the parties' consent on April 10, 2018 to properly include defendant's jail credit.

A-1036-22

Defendant appealed, arguing his motion to suppress evidence should have been granted and he received a sentence that was disproportionate to his culpability as compared to co-defendants. On April 21, 2020, we affirmed defendant's amended judgment of conviction and sentence. Ford I, slip op. at 1. We stated:

> Defendant's sentence was commensurate with the serious nature of this carjacking, in which Friedland was not merely put in fear of immediate bodily injury but was murdered. Defendant's contention that he should be sentenced to the lower end of the sentencing range for the carjacking offense is patently without merit.
>
> [Id. at 21.]

The Supreme Court denied defendant's petition for certification. State v. Ford, 243 N.J. 271 (2020).

On October 16, 2020, defendant filed a pro se PCR petition arguing that the indictment should have been dismissed because the State's grand jury presentation was based in large part on hearsay, the State produced an unqualified witness to testify as to Friedland's cause of death, and the State failed to produce exculpatory evidence to the grand jury. Defendant further asserted his conviction should be vacated for prosecutorial misconduct, he is entitled to withdraw his guilty plea because the factual basis set forth during his

5

plea allocution was insufficient, and there is evidence of his innocence. Defendant also argued that he only pleaded guilty because of ineffective assistance of his trial counsel who told him to plead guilty without first obtaining a report prepared by law enforcement and failed to move to dismiss the indictment based upon the deficiencies in the State's presentation. Finally, defendant argued his appellate counsel was ineffective for failing to properly assert errors that should have been raised by counsel on direct appeal.

On August 8, 2022, Judge Ravin denied defendant's PCR petition in a comprehensive written decision, finding in part as follows:

> Here, the record reflects, and the parties do not dispute that the victim was shot in the head and subsequently died. Whether or not the State presented an expert to the grand jury about how the victim died would not have changed the outcome of the grand jury at all. It would not have caused an indictment to not be returned. Thus, [defendant] has not shown that barring this issue would cause fundamental injustice to him.
>
> Regarding [defendant's] argument that the State failed to present co[-]defendant Roberts'[s] statement wherein Roberts states that [defendant] refused to participate in the carjacking, the [c]ourt finds that such information is not exculpatory. . . .
>
> . . . .
>
> [T]rial counsel was not ineffective for failing to file a motion to dismiss the indictment as such a motion would have been futile, for all the reasons the [c]ourt

6

explained in the previous section of its opinion. It is not ineffective assistance of counsel for trial counsel not to file a meritless motion. State v. O'Neal, 190 N.J. 601, 619 (2007).

. . . .

[Defendant's] prosecutorial misconduct claim could have been raised on direct appeal or at an earlier proceeding and thus it is procedurally barred pursuant to Rule 3:22-4. . . .

. . . .

[Defendant] argues that while the individual errors of trial counsel may not rise to the level required to demonstrate ineffective assistance of counsel, the cumulative effect of all his errors led to the deprivation of a fair trial for [defendant]. In analyzing each of [defendant's] individual arguments, this [c]ourt explained its reasons for finding that trial counsel did not err. As the [c]ourt finds that trial counsel did not err, there is no cumulative effect of such errors so as to deprive [defendant] of a fair trial.

. . . .

The [c]ourt previously discussed why the deficiency at the grand jury and prosecutorial misconduct claims were meritless. Thus, the [c]ourt finds that appellate counsel was not ineffective for failing to raise these meritless claims on appeal.

. . . .

Here, there was such overwhelming evidence against [defendant] implicating him in the offenses for which he was charged via accomplice and co-conspirator

liability, even though he was not the shooter and did not get out of the car. . . . Therefore, [defendant] fails to demonstrate a reasonable likelihood that his claim will ultimately succeed on the merits, and this [c]ourt need not hold an evidentiary hearing to decide this PCR.

This appeal follows.  Defendant raises the following contentions for our consideration:

POINT I

DEFENDANT IS ENTITLED TO [PCR] BECAUSE THE INDICTMENT AGAINST HIM WAS IMPROPERLY OBTAINED WHEN THE STATE WITHHELD CRITICAL INFORMATION FROM THE GRAND JURY.

POINT II

DEFENDANT IS ENTITLED TO WITHDRAW HIS PLEA OF GUILTY AS A MATTER OF DUE PROCESS OF LAW BECAUSE AN INADEQUATE FACTUAL BASIS WAS PROVED FOR THE CRIME OF CARJACKING.

POINT III

THE COURT BELOW ERRED IN DENYING [PCR] OR AN EVIDENTIARY HEARING BECAUSE BOTH PLEA AND APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHEN TRIAL COUNSEL FAILED TO SEEK DISMISSAL OF THE INDICTMENT, FAILED TO CONDUCT NEEDED INVESTIGATION, FAILED TO DISCUSS TRIAL STRATEGY, AND PRESSURED DEFENDANT TO PLEAD GUILTY; AND WHEN APPELLATE COUNSEL FAILED TO RAISE ISSUES RELATED

8

TO THE STATE'S PRESENTATION TO THE GRAND JURY.

## II.

PCR is New Jersey's response to the federal writ of habeas corpus. <u>State v. Preciose</u>, 129 N.J. 451, 459 (1992). To succeed in obtaining PCR, a defendant must "establish, by a preponderance of the credible evidence, that he [or she] is entitled to the requested relief." <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992) (quoting <u>State v. Marshall</u>, 244 N.J. Super. 60, 69 (Law Div. 1990)).

Where, as in this matter, a PCR court does not conduct an evidentiary hearing, we review the PCR court's factual findings and legal conclusions de novo. <u>See</u> <u>State v. Harris</u>, 181 N.J. 391, 421 (2004). Determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution requires analysis under the standards formulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88 (1984), and adopted by the Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing that: (l) counsel's performance was deficient and counsel made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment, <u>Strickland</u>, 466 U.S. at 687; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there

exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

"Ineffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding." State v. Hess, 207 N.J. 123, 145 (2011) (quoting Preciose, 129 N.J. at 460). To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). For the reasons that follow, we affirm Judge Ravin's conclusion that defendant has not met this standard.

III.

We proceed to consider defendant's argument that an evidentiary hearing should have been held on his PCR petition as to his allegations of ineffective assistance of counsel at both his plea hearing and on direct appeal. Pursuant to Rule 3:22-4(a), we consider defendant's contentions regarding plea counsel's deficiency only if we find his appellate counsel was ineffective since, otherwise, the issues should have been raised on direct appeal and would be procedurally barred at this juncture.

10

We agree with Judge Ravin's well-supported conclusion that defendant's appellate counsel was not ineffective for failing to pursue defendant's contention that the indictment against him should have been dismissed. Specifically, defendant alleges that the State withheld exculpatory evidence from the grand jury which resulted an overreaching indictment that was non-reflective of the evidence in totality.

"Judicial involvement with and review of the grand jury is generally limited." State v. Shaw, 241 N.J. 223, 239 (2020). "At the grand jury stage, the State is not required to present enough evidence to sustain a conviction." State v. Feliciano, 224 N.J. 351, 380 (2016). "As long as the State presents 'some evidence establishing each element of the crime to make out a prima facie case,' a trial court should not dismiss an indictment." Ibid. (quoting State v. Saavedra, 222 N.J. 39, 57 (2015)). "An indictment should be disturbed only on the 'clearest and plainest ground[s],' and 'only when the indictment is manifestly deficient or palpably defective.'" Shaw, 241 N.J. at 239 (alteration in original) (first quoting State v. Perry, 124 N.J. 128, 168 (1991); then quoting State v. Hogan, 144 N.J. 216, 229 (1996)).

Defendant's claim that he is entitled to PCR because the indictment against him was improperly obtained is both procedurally barred and substantively

without merit.  Under Rule 3:10-2(c), a defense based on a deficient indictment must be raised before trial.  No such relief was requested here.  However, defendant asserts it proper for us to consider his argument regarding the grand jury because the ineffective assistance of both his trial and appellate counsel would render a fundamental injustice under Rule 3:22-4(a)(2) if we did not.

We are unpersuaded and find no merit to defendant's argument that his plea or appellate counsel was ineffective by failing to raise the issue of exculpatory evidence not being presented to the grand jury.  Defendant predicates his claims of exculpatory evidence on a December 20, 2013 interview between detectives and co-defendant Roberts, which set forth:

> ROBERTS:  [Co-defendant Henry] parked so we could just look right at the truck.
>
> [DETECTIVE]:  Okay. . . . Do you see [Friedland] approaching the car?
>
> ROBERTS:  No, I ain't see nobody approaching the car.  The lights blinked [indicating the car had been unlocked].
>
> [DETECTIVE]:  Okay.
>
> . . . .
>
> ROBERTS:  So then I went to go [steal the car], and [Thompson's] 1ike, come on, let's go get it.  And this guy right here is like, [n]ah, I ain't doing that sh[*]t.  He

said, [n]ah, f[*]ck that. He's like, [y]ou always scared of some sh[*]t, like.

[DETECTIVE]: So . . . [t]his guy, Karif Ford . . .

 ROBERTS: He –

[DETECTIVE]: – said he's not doing it.

ROBERTS: He said, I ain't doing that sh[*]t. And he said, f[*]ck that. So then bra is 1ike, [y]o. He's like, [y]o, bra, you going to come with me? I'm like, y'all just got me all up here. Like, f[*]ck. I said, [w]ell, come on, man. I thought we going to take the truck. Get the truck. Let's get the f[*]ck out of here. 'Cause y'all got me hold – y'all holding me up, like.

 . . . .

[DETECTIVE]: So Mr. Ford said he wasn't doing it[?]

ROBERTS: He ain't with that sh[*]t.

[Emphasis added.]

We agree with Judge Ravin's determination that this exchange does not constitute exculpatory evidence pursuant to the decisional factors set forth in Hogan, 144 N.J. at 237-38. A "prosecutor's duty arises only if the evidence satisfies two requirements: it must directly negate guilt and must also be clearly exculpatory." Id. at 237. "[U]nless the exculpatory evidence at issue squarely refutes an element of the crime in question, that evidence is not within the prosecutorial duty we have set forth." Ibid. (emphasis omitted).

13

The second requirement, that the evidence in question be "clearly exculpatory," requires an evaluation of the quality and reliability of the evidence. The exculpatory value of the evidence should be analyzed in the context of the nature and source of the evidence, and the strength of the State's case. For example, if the exculpatory evidence in question is eyewitness testimony, potential bias on the part of the eyewitness may affect the prosecutor's obligation to present the witness's testimony to the grand jury. Similarly, the exculpatory testimony of one eyewitness is not "clearly exculpatory" if contradicted by the incriminating testimony of a number of other witnesses. Moreover, an accused's self-serving statement denying involvement in a crime, although such a statement directly negates guilt, ordinarily would not be sufficiently credible to be "clearly exculpatory," and need not be revealed to the grand jury.

[Id. at 237-38.]

Evidence which "requir[es] the grand jury to make a credibility judgment" is not clearly exculpatory. State v. Scherzer, 301 N.J. Super. 363, 427 (App. Div. 1997). We agree with Judge Ravin's conclusion that the "[s]tatements of witnesses or co[-]defendants frequently change, are frequently recanted, and may be unreliable; therefore, they are not clearly exculpatory." We add only that given (1) defendant's admission in his first interview with detectives he learned of his co-defendants' plan to steal a vehicle when they entered the parking garage for the second time and (2) the overwhelming evidence connecting defendant to the location of the shooting and to his co-defendants,

14

we see sufficient indication of contradictory information. As a result, the singular interview from co-defendant Roberts does not amount to clearly exculpatory evidence under our decisional law.

We decline to disturb Judge Ravin's finding that defendant has not established a prima facie case under Strickland, 466 U.S. at 694, since even if appellate counsel had raised all of the arguments defendant now deems worthy, there is no showing the result would have been different in order to warrant an evidentiary hearing. An evidentiary hearing is only required where the PCR petition has a reasonable probability of being meritorious. State v. Jones, 219 N.J. 298, 311 (2014) (explaining that when "view[ing] the facts in the light most favorable to the defendant," the court should hold an evidentiary hearing if "the PCR claim has a reasonable probability of being meritorious"). Judge Ravin properly concluded that defendant's PCR petition did not have "a reasonable probability of being meritorious" and, therefore, no evidentiary hearing was necessary. Ibid.

The "mandate" that PCR counsel advance all arguments proffered by a defendant regardless of their likelihood of success "does not apply to appellate counsel." State v. Gaither, 396 N.J. Super. 508, 515 (App. Div. 2007). "[A] defendant does not have a constitutional right to have appellate counsel raise

every non-frivolous issue that defendant requests on appeal." Ibid. Therefore, we affirm Judge Ravin's reasoned conclusion that defendant's argument is both procedurally barred and substantively without merit, so appellate counsel was not ineffective for failing to raise it. As this is the only substantive argument defendant presents in his merits brief as to the ineffectiveness of his appellate counsel, we concur with Judge Ravin that defendant has shown no ineffectiveness on the part of his appellate counsel.

In light of this analysis, we similarly find no merit to defendant's assertion that plea counsel should have moved to dismiss the indictment against him based on the same argument that the grand jury improperly returned the indictment charging him with carjacking because the State withheld exculpatory evidence. Just as appellate counsel was not ineffective for declining to bring this argument, we see no deficiency in plea counsel declining to assert a losing argument because there was no clearly exculpatory evidence withheld from the grand jury. "[C]ounsel is not obligated to raise issues or advance arguments which are obviously frivolous or specious." State v. Hughes, 128 N.J. Super. 363, 369 (App. Div. 1974).

Based on the above analysis, we further conclude that there has been no fundamental injustice inflicted on defendant pursuant to Rule 3:22-4(a)(2) such

16

that this court should grant PCR. Accordingly, we affirm Judge Ravin's decision not to grant defendant relief based on his assertion that the State withheld evidence from the grand jury or that either his plea or appellate counsel was deficient for not previously raising this argument.

IV.

Since we have affirmed Judge Ravin's conclusion that defendant's appellate counsel was not ineffective, defendant's remaining arguments as to the ineffectiveness of his plea counsel are procedurally barred under Rule 3:22-4 as issues that could have been raised on direct appeal. Defendant asserts that preclusion of our consideration of these claims, however, amounts to a fundamental injustice under Rule 3:22-4(a)(2). We disagree. Nevertheless, we will briefly address each of defendant's arguments regarding plea counsel's effectiveness in turn.

Aside from the claims related to proofs presented to the grand jury, defendant sets forth three allegations of ineffectiveness of his plea counsel: (1) counsel failed to conduct required evidentiary investigations before defendant accepted the State's plea offer; (2) counsel did not discuss trial strategy with defendant; and (3) counsel pressured defendant into accepting the State's plea offer.

A-1036-22

As to defendant's assertion that plea counsel conducted insufficient investigation by failing to seek a report from law enforcement, we substantially agree with the analysis set forth by Judge Ravin. There is ample evidence in the record that plea counsel did seek out the report, including through motion practice. Furthermore, defendant's own certification in support of his PCR petition sets forth that his plea counsel made "repeated request[s] for this report." We fail to see how this admission lends itself to defendant's claim for ineffectiveness and see no further merit in this assertion.

The analysis set forth in defendant's merits brief intertwines his remaining arguments by asserting that failing to discuss trial strategy was part of how plea counsel pressured him into pleading guilty. Specifically, defendant asserts that but for counsel's undue pressure, he would not have pleaded guilty.

Our "scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 669. "An attorney is entitled to 'a strong presumption' that he or she provided reasonably effective assistance, and a 'defendant must overcome the presumption that' the attorney's decisions followed a sound strategic approach to the case." State v. Pierre, 223 N.J. 560, 578-79 (2015) (quoting Strickland, 466 U.S. at 689).

18

Aside from the assertions that we have already discussed and found unconvincing, defendant's merits brief lacks any specific reference to how he was pressured by counsel to plead guilty. Without facts to support the argument, we conclude there was insufficient evidence to overcome the presumption of effectiveness afforded to counsel. In this regard, defendant has not met his burden, and we are unable to consider this argument further. We see no error in Judge Ravin's determination that defendant has not established a prima facie showing of ineffective assistance as to his plea counsel.

V.

We next consider defendant's assertion that he is entitled to withdraw his guilty plea because there was an inadequate factual basis to establish he was guilty of carjacking. First, defendant is procedurally barred from raising this argument on this PCR appeal. Defendant does not argue in his brief that appellate counsel was ineffective by failing to raise this issue on direct appeal. Thus, defendant's argument of inadequate factual basis for the crime of carjacking is barred under Rule 3:22-4(a)(1) as an issue that could have been brought up on direct appeal and was not.

Even if we were to consider defendant's belated argument, we are unconvinced that withdrawal of the guilty plea is supported by the record and

19

prevailing law. "A trial judge's finding that a plea was voluntarily and knowingly entered is entitled to appellate deference so long as that determination is supported by sufficient credible evidence in the record." State v. Lipa, 219 N.J. 323, 332 (2014). A presumption of reasonableness attaches to the sentence where, as in this matter, a defendant receives the exact sentence agreed upon. State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996).

"An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." State v. Tate, 220 N.J. 393, 404 (2015).[2] We unequivocally disagree with defendant's assertion that his plea colloquy lacked

---

[2] Where, as is the case in defendant's PCR appeal, "the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Tate, 220 N.J. at 404 (citing State v. Slater, 198 N.J. 145, 157-58 (2009)).

> [T]rial judges are to consider and balance four factors in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Slater, 198 N.J. at 157-58 (2009).]

the factual basis to support his conviction. Defendant pleaded guilty to carjacking under N.J.S.A. 2C:15-2(a)(2), which sets forth:

> A person is guilty of carjacking if in the course of committing an unlawful taking of a motor vehicle . . . or in an attempt to commit an unlawful taking of a motor vehicle he [or she]:
>
> . . . .
>
> (2) threatens an occupant or person in control with, or purposely or knowingly puts an occupant or person in control of the motor vehicle in fear of, immediate bodily injury . . . .
>
> [N.J.S.A. 2C:15-2(a)(2).]

Further, our statutory framework for co-conspirator liability sets forth that defendant is unable to deflect culpability simply because he was not the one to pull the trigger or drive the Range Rover away from the scene.

> a. A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.
>
> b. A person is legally accountable for the conduct of another person when:
>
> . . . .
>
> > (3) He is an accomplice of such other person in the commission of an offense; or
> >
> > (4) He is engaged in a conspiracy with such other person.

21

[N.J.S.A. 2C:2-6.]

On October 10, 2017, defendant testified in part as follows at his plea allocution:

> [DEFENDANT]: On December 15th, 2013, I went to Short Hills Mall in Millburn to steal a car and it turned into a carjacking.
>
> . . . .
>
> [DEFENDANT]: I was part of the agreement to the carjacking, where they threatened the occupants of the car with force.
>
> . . . .
>
> [DEFENDANT]: When we went to steal the car, then there was – it turned into a carjacking.
>
> . . . .
>
> [DEFENDANT]: My understanding we was going to steal a car, not to use force to take the car but that's what happened in the process.
>
> . . . .
>
> [DEFENDANT'S TRIAL COUNSEL]: Did certain of the occupants of . . . the car that you went [to the mall] in, leave the car?
>
> [DEFENDANT]: What do mean, leave the –
>
> [DEFENDANT'S TRIAL COUNSEL]: Leave the car that you four went to the mall in?

22

[DEFENDANT]: Yes.

[DEFENDANT'S TRIAL COUNSEL]: And . . . are they the ones that approached the [Range Rover and Friedland]?

[DEFENDANT]: Yes.

[DEFENDANT'S TRIAL COUNSEL]: And was that done as part of your plan to steal that car?

[DEFENDANT]: Yes.

[DEFENDANT'S TRIAL COUNSEL]: And did these people get into a confrontation or a conflict or a fight with the person that they approached who was the occupant of the [Range Rover]?

[DEFENDANT]: Yes. For sure.

[DEFENDANT'S TRIAL COUNSEL]: And was that part of your plan to steal this car?

[DEFENDANT]: Yes.

[DEFENDANT'S TRIAL COUNSEL]: And during the course of that was Mr. Friedland shot?

[DEFENDANT]: I believe yes.

. . . .

THE COURT: Has anyone threatened you or pressured or coerced you to get you to plead guilty?

[DEFENDANT]: No.

. . . .

23

THE COURT: Well, is your plea of guilty entirely voluntary and of your own free will?

[DEFENDANT]: Yes.

. . . .

THE COURT: Are you yourself guilty of the crime to which you're pleading guilty to? You yourself. Are you guilty of the crime to which you are pleading guilty?

[DEFENDANT]: Yes.

THE COURT: Has [defendant's trial counsel] represented you during these proceedings, met with you, explained everything to you, and answered every single one of your questions?

[DEFENDANT]: Yes.

THE COURT: Are you absolutely satisfied with his services?

[DEFENDANT]: Yes.

We reject defendant's argument that there was an insufficient factual basis to support his guilty plea to carjacking. The plea allocution which set forth a factual basis for defendant's participation in the plan to carjack by force complies with prevailing law. N.J.S.A. 2C:15-2(a)(2); Rule 3:9-2; see also State v. Gregory, 220 N.J. 413, 419 (2015) ("The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's

acknowledgment of the underlying facts constituting essential elements of the crime."). Defendant testified he had a plan with co-defendants to steal a vehicle. Although defendant asserted he did not think force was part of the plan originally, it was his intention that the group steal a car and the resulting altercation with Friedland was part of that plan. Ultimately, the plan to obtain the vehicle by force through the confrontation was successful and led to the death of Dustin Friedland.

To the extent we have not addressed defendant's remaining arguments, we are satisfied they lack sufficient merit to warrant further discussion in this written opinion, Rule 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION